# Richmond

CARL R. ROBINSON, ET AL. v. FANNY R. LEE, INDIVIDUALLY AND AS
EXECUTRIX, ETC., ET AL.

June 15, 1964.

Record No. 5694.

Present, All the Justices.

*Edward W. Wolcott,* (*Wolcott, Wolcott & Payne,* on brief), for the appellants.

*John A. MacKenzie* and *D. Dortch Warriner* (*MacKenzie & Babb; Vincent, Warriner & Outten,* on brief), for the appellees.

BUCHANAN, J., delivered the opinion of the court.

This is a suit to construe the will of Miss Cornelia V. Robinson, brought by the executrix, Mrs. Fannie R. Lee, a niece of the testatrix, against the four appellants and other beneficiaries of the will. After hearing evidence *ore tenus* the court entered its decree construing the will in a way which in some respects disappointed the appellants and they have appealed.

Appellants assert that the court erred (1) in holding that the "Old Suffolk Road" property passed to John Taylor Thornhill under Clause Second; (2) in holding that ninety shares of stock of American Telephone and Telegraph Company were the sole property of Lucy R. Devany by reason of survivorship and were not a part of the testatrix' estate; and (3) in not allowing appellants' counsel a fee out of the general estate.

The testatrix died July 3, 1961, leaving a will dated April 6, 1961, which was duly probated and which disposed of the real estate and personal property owned by her. At the time of her death she was eighty-seven years old. She lived with a sister, Mrs. Lucy R. Devany, ninety-five years old, and a brother-in-law, John Taylor Thornhill, who was in his seventies, in property owned by the testatrix in the city of Portsmouth. Prior to moving to Portsmouth these three had lived in property on the Old Suffolk Road, in Norfolk county, which they owned jointly. During these years they lived together as a family and shared their meager income, which was supplemented by monthly contributions from two nieces, Mrs. Lee and Mrs. Doyle, until the testatrix received money and other property under the will of her brother, William Robinson.

■ The second clause of the will of Miss Robinson states: "I give, devise and bequeath unto my brother-in-law, JOHN TAYLOR THORNHILL, all of my interest in real estate situate in Western Branch Magisterial District, Norfolk County, State of Virginia, on the north side of Old Suffolk Road," followed by the provision that if Thornhill predeceased her (which did not happen), such interest was to go to other named devisees.

The testatrix owned an interest in two parcels on the north side of Old Suffolk Road, one designated as Tract No. One in a partition deed, containing seven and one-fourth acres, and the other as Tract No. Three in the same partition deed, containing three and one-half acres. Tract No. One was subject to a contract of sale made by the owners. The trial court decreed that by the second clause of her will the testatrix gave to John Taylor Thornhill all of her interest in Tract No. One, including her rights under the contract of sale, and also her interest in Tract No. Three. The record indicates that the testatrix owned an undivided one-fourth interest in these two tracts and it is stated in appellees' brief without contradiction that John Taylor Thornhill already owned an undivided one-half interest therein and that Mrs. Devany, testatrix' sister, owned the remaining one-fourth.

By a written contract entered into in December, 1959, Miss Robinson, Mrs. Devany and Mr. Thornhill agreed to sell Tract No. One to Milford L. West and his wife, for $17,000, payable in monthly installments of $100, commencing April 1, 1960, full payment to be made by March 1, 1970. The buyers agreed to pay all taxes and to carry adequate insurance, and when they had performed their obligations in full the sellers were to make them a deed. If the buyers defaulted in two payments or more, the sellers had the right, after thirty days' notice, to cancel the contract, retake possession and retain all payments.

The appellants contend that this contract constituted an equitable conversion of Tract No. One and "that the value of the contract of sale [should] be treated as personalty and distributed in accordance with the residuary clause of" the will.

"The doctrine of equitable conversion is a pure creature of equity, unknown to the law, and is a mere incident or application of the maxim that equity treats that as done which ought to be done. Under it, land which is directed to be converted into money is treated as money, and money which is directed to be invested in land is treated

as land. * *." *Moore* v. *Kernachan*, 133 Va. 206, 211, 112 S.E. 632, 633; *Marcy* v. *Graham*, 142 Va. 285, 293, 128 S.E. 550, 553.

The intent of the doctrine is "'to lengthen the arm of the court of equity to do justice in a particular case by giving effect to the intention of a testator. Its application is always withheld if it should appear to foil the intent of the testator or to work injustice in the particular case.'" *Clay* v. *Landreth*, 187 Va. 169, 174-5, 45 S.E.2d 875, 878.

The doctrine has no application to the present case. By the second clause of the will the testatrix devised "all of my interest in real estate * * on the north side of Old Suffolk Road." Her interest was an undivided interest in both tracts, on one of which there was a contract of sale which left the legal title in the testatrix, together with the rights described above. She devised and bequeathed all of her interest in both of these properties to her brother-in-law, John Taylor Thornhill, who became the owner thereof under the will, including the testatrix' share in the purchase money under the contract payable after her death.

In a will made in 1955, nearly five years before the contract of sale, Miss Robinson devised to the said Thornhill the two tracts by the same description, "all of my interest in real estate * * on the north side of Old Suffolk Road." The intent of the testatrix in the present will is clear, and to apply the doctrine of equitable conversion and convert Tract No. One into personal property and give it to others than Thornhill would defeat this clear purpose.

The court's construction of Clause Second of the will was plainly right.

The appellants next assert that the trial court erred in decreeing that ninety shares of stock in American Telephone and Telegraph Company belonged to Lucy R. Devany, testatrix' sister, by reason of survivorship and were no part of the estate of the testatrix. Appellants contend that this stock was an asset of the estate and should go to the beneficiaries of the residuary clause of the will.

This stock was evidenced by two certificates. In 1957, after the testatrix had received funds from the estate of her brother, she purchased shares of stock in this company and had the certificate therefor issued to "Miss Cornelia V. Robinson and Mrs. Lucy R. Devany, as joint tenants with right of survivorship and not as tenants in common." Subsequently the company made a two for one stock split and by virtue thereof sixty additional shares were issued to "Miss Cornelia V. Robinson and Mrs. Lucy R. Devany, JT Ten," as the

record has it. The evidence is that during the life of the testatrix the dividends on this stock were deposited sometimes in a bank account standing in the names of Robinson and Devany and sometimes in an account in the names of Thornhill and Robinson, as Miss Robinson directed, but apparently were used as other funds were used for the benefit of the three members of the household.

The trial court found that although the money to purchase this stock came from the testatrix' brother, William Robinson, it clearly seemed to be the intent of Miss Robinson when she purchased the stock to share in this way with her sister the inheritance from her brother's estate; that the stock certificate on its face created a right of survivorship in Mrs. Devany, and that the record "is completely devoid of any evidence to contradict such as an intent on the part of the deceased." We agree with that finding and conclusion.

In *Wrenn* v. *Daniels,* 200 Va. 419, 106 S.E.2d 126, we affirmed the holding of the trial court that the shares of stock in that case, issued to a father and son as "joint tenants with right of survivorship and not as tenants in common" were assets of the estate of the father and did not become the property of the son at the father's death. That, however, was on evidence which we said was "ample to sustain the chancellor's conclusions" that the certificates of stock were so issued "for the use, benefit and convenience of [the father] and without any intention of making any gift thereof to [the son]." In that case counsel on both sides agree that the following was a correct statement of the law:

In the absence of other evidence, " 'where a security on its face clearly creates a survivorship right in a person who did not pay for the right so created, the security's form will be *prima facie* evidence that an intent to make a transfer of that survivorship interest or right existed at the time the transfer was made.' * *." 200 Va. at 426-7, 106 S.E.2d at 131.

We tacitly approved that statement in the opinion in that case and we now specifically approve it.

The trial court properly decreed that upon the death of Miss Robinson this stock became the sole property of Mrs. Devany and did not pass under the will of Miss Robinson.

■ Appellants, who are a nephew and three nieces of the testatrix and among the beneficiaries of the residuary clause of her will, based their claim to counsel fee from the general assets of the estate on the ground that when counsel discover, create or preserve a fund which inures to the common benefit of all litigants, they are then entitled

to have their fee paid from the general assets. See *Mann* v. *Bradshaw's Adm'r*, 136 Va. 351, 379, 118 S.E. 326, 335; *Aldridge* v. *Rodgers*, 183 Va. 866, 872, 33 S.E.2d 654, 657.

Counsel for appellants say in their brief in this regard that if they are successful in having included in the estate the American Telephone and Telegraph Company stock "and the bank accounts," the beneficiaries in the residuary clause will benefit proportionately.

The bank accounts referred to were an account in the names of Robinson and Thornhill, which had a balance of $310.96 at the time of the testatrix' death, and an account in the name of Robinson and Devany, which had a balance of $1884.97 at that time. The trial court held that under the evidence no joint ownership or right of survivorship in these accounts was intended or created by the testatrix, and that the testatrix was the sole owner of both of these accounts when she died. See *King* v. *Merryman*, 196 Va. 844, 86 S.E.2d 141; *Quesenberry* v. *Funk*, 203 Va. 619, 125 S.E.2d 869.

Appellees Devany and Thornhill assigned error to that holding but abandoned the assignment in their oral argument before us, and the holding therefore stands affirmed.

The appellants were not successful in gaining for the estate either the American Telephone and Telegraph Company stock or any part of the Old Suffolk Road property, and their main efforts were to those ends. The executrix testified that the $1884.97 in the Robinson and Devany account was used, with other funds, to pay the hospital, medical and funeral expenses of the testatrix. The trial court held that no counsel fee should be allowed to appellants' counsel out of the general funds of the estate. On the record before us we do not find any error in that holding. *McCormick* v. *Elsea*, 107 Va. 472, 475, 59 S.E. 411, 412-3.

The decree appealed from is

*Affirmed.*