COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


JAMES G. CALMES, JR.

                                      MEMORANDUM OPINION*
v.   Record No. 2820-95-1                   PER CURIAM
                                     JUNE 11, 1996
TERESA H. CALMES


                                FROM THE CIRCUIT COURT OF
THE CITY OF VIRGINIA BEACH
                     Thomas S. Shadrick, Judge

           (Michael A. Robusto; Slipow, Robusto &
           Kellam, on brief), for appellant.

           (Grover C. Wright, Jr., on brief), for
           appellee.


      James G. Calmes, Jr., (husband) appeals the decision of the

circuit court awarding Teresa H. Calmes (wife) a share of funds

traceable to husband's personal injury award.  Husband contends

on appeal that the trial court erred in concluding that there was

sufficient evidence of a gift.  Upon reviewing the record and

briefs of the parties, we conclude that this appeal is without

merit.  Accordingly, we summarily affirm the decision of the

trial court.  Rule 5A:27.

      Husband's personal injury award for an injury which occurred

prior to the marriage was his separate property.  Code

§ 20-107.3(A)(3)(c) and (H).  Husband placed the funds in a joint

account he opened at wife's credit union, and subsequently placed

---

       *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

the funds into additional joint accounts.  Code

§ 20-107.3(A)(3)(f) provides that
> [w]hen separate property is retitled in the
> joint names of the parties, the retitled
> property shall be deemed transmuted to
> marital property.  However, to the extent the
> property is retraceable by a preponderance of
> the evidence and was not a gift, the retitled
> property shall retain its original
> classification.

Moreover, subsection (g) provides in part that "[n]o presumption of gift shall arise under this section where . . . (ii) newly acquired property is conveyed into joint ownership."  Whether a gift was intended is a question of intent.  See Dean v. Dean, 8 Va. App. 143, 146, 379 S.E.2d 742, 744 (1989).[1]  Intent is a question to be determined by the fact finder.  See generally Fleming v. Commonwealth, 13 Va. App. 349, 353, 412 S.E.2d 180, 183 (1991).

The evidence was heard by the commissioner in chancery, whose report was accepted by the trial court.
> The commissioner's report is deemed to be
> prima facie correct.  The commissioner has
> the authority to resolve conflicts in the
> evidence and to make factual findings.  When
> the commissioner's findings are based upon
> ore tenus evidence, "due regard [must be
> given] to the commissioner's ability . . . to
> see, hear and evaluate the witness at first
> hand."  Because of the presumption of
> correctness, the trial judge ordinarily must

---

[1]  On appeal, husband contends that wife was required to prove a gift by the higher standard of clear and convincing evidence.  This argument was not raised below and will not be addressed for the first time on appeal. Jacques v. Commonwealth, 12 Va. App. 591, 593, 405 S.E.2d 630, 631 (1991)(citing Rule 5A:18).

2

> sustain the commissioner's report unless the
> trial judge concludes that it is not
> supported by the evidence.

Brown v. Brown, 11 Va. App. 231, 236, 397 S.E.2d 545, 548 (1990) (citations omitted).  "This rule applies with particular force to a commissioner's findings of fact based upon evidence taken in his presence . . . ."  Hill v. Hill, 227 Va. 569, 577, 318 S.E.2d 292, 296 (1984).  This Court must affirm the trial court's decision unless it is plainly wrong or without evidence to support it.  McLaughlin v. McLaughlin, 2 Va. App. 463, 466-67, 346 S.E.2d 535, 536 (1986).

The trial court found that evidence supported the commissioner's implicit finding that husband made a gift to the marriage of the injury award.  The court noted that the commissioner was "clearly aware that [whether or not a gift was made] was the principal point of contention between the parties."

Wife testified that husband intended to make a gift to the marriage of the personal injury award.  The evidence established that the funds were used by the parties to pay for marital assets such as automobiles and a boat.  The financial adviser who invested the funds for the parties testified that he met with both parties and that his advice was "based on what their goals were."  (Emphasis added.)  While husband testified that he placed the funds in a joint account for convenience, he admitted that the parties used the funds to purchase marital assets and that the funds would have automatically passed to wife if he had died.

3

Therefore, we cannot say the trial court's decision is plainly wrong or without evidence to support it.  Accordingly, the decision of the circuit court is summarily affirmed.

<u>Affirmed.</u>