COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


REBECCA RUTH ROBINSON DOWDY
                                      MEMORANDUM OPINION[*]
v.    Record No. 0074-98-3               PER CURIAM
                                      AUGUST 25, 1998
OTIS L. DOWDY


            FROM THE CIRCUIT COURT OF ROANOKE COUNTY
                  Diane McQ. Strickland, Judge

         (Stephen B. Hebblethwaite, on brief), for
         appellant.

         (Valeria L. Cook, on brief), for appellee.


     Rebecca Ruth Robinson Dowdy appeals the final divorce decree

entered by the circuit court.  The decree granted her husband,

Otis L. Dowdy, a divorce on the grounds of the parties' one-year

separation, divided the parties' property, and set permanent

spousal support.  The circuit court had earlier referred child

custody and support matters to the juvenile and domestic

relations district court.  On appeal, wife raises ten questions

concerning the trial court's decisions on equitable distribution,

spousal support, attorney's fees, and the conduct of the trial.

We address each question below.[1]  Upon reviewing the record and

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

[1]Wife listed additional questions for which she failed to
provide any argument.  "Statements unsupported by argument,
authority, or citations to the record do not merit appellate
consideration."  Buchanan v. Buchanan, 14 Va. App. 53, 56, 415
S.E.2d 237, 239 (1992).  Accordingly, we do not address these
issues.

briefs of the parties, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the judgment of the trial court.  See Rule 5A:27.

### Equitable Distribution

Wife contends that the trial court abused its discretion when making its equitable distribution award by:  (1) ordering an approximately equal division of the marital estate in light of wife's nonmonetary contributions to the acquisition and maintenance of the marital estate; (2) ordering wife to refinance the marital home and pay husband $26,500 for his interest therein; (3) awarding wife less than fifty percent of the marital share of husband's Virginia Retirement System (VRS) pension; (4) failing to classify each item of personal property; (5) awarding to husband certain personal property; and (6) excluding evidence regarding the classification of the parties' property.

Wife contends that her extensive nonmonetary contributions warranted an award of more than half the marital estate.  The evidence demonstrated that husband made the greater monetary contributions but that wife made greater nonmonetary contributions.  Wife also worked early in the marriage and at other times throughout the marriage.

"Fashioning an equitable distribution award lies within the sound discretion of the trial judge and that award will not be set aside unless it is plainly wrong or without evidence to support it."  Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396

-2-

S.E.2d 675, 678 (1990). "Unless it appears from the record that the trial judge has not considered or has misapplied one of the statutory mandates, this Court will not reverse on appeal." Ellington v. Ellington, 8 Va. App. 48, 56, 378 S.E.2d 626, 630 (1989).

The trial court indicated that it considered the statutory factors set out in Code § 20-107.3(E), and we find no indication that the trial court misapplied those statutory factors. The parties were married for over twenty-five years. Husband was in good health. Wife described her health as "fragile" due to both physical and emotional problems. Both parties testified that wife contributed extensively to the family's welfare by maintaining the family home, managing the day-to-day needs of the family, and handling financial matters. Wife conceded on cross-examination that husband also made nonmonetary contributions to the family. Husband made the greater monetary contributions through his employment as an educator.

The marital home had a value of $127,000, with an outstanding first mortgage of $61,999. An equity credit line secured by the home had a balance of $10,767 at the time of separation. Wife withdrew an additional $29,233 on the credit line at the time of the separation. The trial judge awarded the husband $26,500 for his share of the marital home. In addition, wife received $19,500 for her share of the Sunnyvale property, valued at $30,000, and subject to a $3,320 credit to wife for her

separate contribution. Wife was ordered to pay less than half the outstanding balance on the parties' credit card, which had a balance of $10,385 at separation.

Wife received the marital home, credit of more than half the value of the Sunnyvale property, fifty-five percent of her pension and forty-five percent of husband's pension. We find no support for wife's contention that she received an inadequate share of the parties' marital assets. We also find no support for wife's assertion that the court required her to refinance the marital home.

Wife further contends that the trial court abused its discretion by awarding her forty-five percent of the marital share of husband's VRS pension. Under Code § 20-107.3(G)(1), no award of a percentage interest in a pension may exceed fifty percent of the marital share. The trial court awarded husband a forty-five percent interest in the marital share of wife's pension. As Virginia law has no presumption favoring equal division of marital property, see Papuchis v. Papuchis, 2 Va. App. 130, 132, 341 S.E.2d 829, 830-31 (1986), we cannot say that the trial court's division of husband's retirement benefits, as part of the entire equitable distribution award, was an abuse of discretion.

Wife also contends that the trial court abused its discretion by failing to classify each item of personal property and by failing to award her property which she claimed were gifts

-4-

or inherited. The parties each presented evidence as to the classification and value of their personal property. The record demonstrates that wife claimed virtually all property as either her own separate property or, at a minimum, marital property that she wanted. Very few items out of over five hundred were conceded by her to be property to which husband could assert any claim. "A person who claims ownership to property by gift must establish by clear and convincing evidence the elements of donative intent and actual or constructive delivery." Dean v. Dean, 8 Va. App. 143, 146, 379 S.E.2d 742, 744 (1989) (citing Rust v. Phillips, 208 Va. 573, 578, 159 S.E.2d 628, 632 (1968)). Wife had the burden to prove that the items she claimed as her separate property were intended to be separate gifts to her, not to the family. Husband specifically testified, in response to a question from the court, that a piano, dining room table and chair, claimed by wife to be gifts, were purchased during the marriage with marital funds. Husband further testified that he believed all the items were accumulated during the marriage. The trial court heard the parties testify and was entitled to determine their credibility. On appeal, moreover, wife has not pointed with specificity to any item concerning which the trial court was demonstrably in error in its classification. Therefore, as the trial court had evidence, which it found credible, upon which to base its decision concerning the parties' personal property, we cannot say on the record before us that it

abused its discretion in awarding husband the designated items.

Wife also argues that the trial court erred by denying her the opportunity to rebut the presumption that property acquired during the marriage was marital. The parties were informed of the time constraints on the presentation of evidence. Wife was provided sufficient opportunity to present her case. Moreover, wife's contention that she was not allowed to introduce her father's will into evidence is not supported by the record.

In addition, wife contends that the trial court erred by refusing to admit her exhibit 23, which was a list typed by wife of gifts given to her by her father, purportedly signed by him and dated in October 1994. Wife attempted to authenticate the signature by testifying that she recognized the signature as her father's and that her father signed the document in her presence. The record indicates that the court admitted wife's exhibit 23, subject to husband's objection to its authentication. The document itself contained hearsay, as it was presented to prove the truth of its out-of-court statements, i.e., that wife's father gave wife all the items listed.

> "Hearsay evidence is testimony in court, or written evidence, of a statement made out of court, the statement being offered as an assertion to show the truth of matters asserted therein, and thus resting for its value upon the credibility of the out-of-court asserter."

Stevenson v. Commonwealth, 218 Va. 462, 465, 237 S.E.2d 779, 781 (1977) (citation omitted). Wife's father was deceased.

-6-

"The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion." Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988). The court stated, "I will consider it for the record after I have had an opportunity to review it." There is no further reference to the exhibit in the record, and it is unclear the extent to which the trial court considered this document. The trial court's refusal to admit this document, which the record does not definitively establish, was not error. It was clearly hearsay.

### Pendente Lite Spousal Support

Wife contends that the trial court abused its discretion when it suspended her pendente lite spousal support and subsequently denied her motion to reinstate the support. "Whether to grant pendente lite support lies within the sound discretion of the trial judge." Weizenbaum v. Weizenbaum, 12 Va. App. 899, 905, 407 S.E.2d 37, 40 (1991). Cf. Frazer v. Frazer, 23 Va. App. 358, 375-76, 477 S.E.2d 290, 298 (1996) (abuse of discretion to limit pendente lite support to three-month period when wife had demonstrable need and no rationale appeared in the record to justify the time limitation).

The record demonstrates that the trial court suspended wife's pendente lite support after granting her request for a third continuance. The first continuance was due to an emergency concerning the parties' child. However, the next two

continuances were sought by wife for health-related reasons.  In granting the third continuance, the court noted that "there will be no further continuances granted in this case unless one of the parties is hospitalized."  Based upon the record, we find no abuse of discretion in the trial court's decision to suspend wife's pendente lite spousal support upon its granting of her motion to continue.

## Attorney's Fees and Costs

Wife contends that the trial court abused its discretion by failing to award her attorney's fees and costs.  An award of attorney's fees is a matter submitted to the sound discretion of the trial court and is reviewable on appeal only for an abuse of discretion.  See Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987).  The key to a proper award of counsel fees is reasonableness under all the circumstances.  See McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985). Based on the number of issues involved, each party's cooperation in moving the matter forward, and the respective abilities of the parties to pay, we cannot say that the trial court abused its discretion in ordering the parties to bear their individual attorneys' fees and costs.

## Spousal Support

Wife further contends that the trial court abused its discretion when it awarded her only $375 per month in spousal support.  "[T]he decision to award spousal support rests within

the sound discretion of the trial court.  However, such discretion is not absolute and is subject to review for abuse."

Via v. Via, 14 Va. App. 868, 870, 419 S.E.2d 431, 433 (1992).

> In awarding spousal support, the chancellor must consider the relative needs and abilities of the parties.  He is guided by the nine factors that are set forth in Code § 20-107.1.  When the chancellor has given due consideration to these factors, his determination will not be disturbed on appeal except for a clear abuse of discretion.

Collier v. Collier, 2 Va. App. 125, 129, 341 S.E.2d 827, 829 (1986).

Wife contends that husband's greater income, her current inability to hold gainful employment, the length of the marriage, the standard of living established during the marriage, and the expenses for which wife was obligated under the equitable distribution award demonstrate that the trial court abused its discretion in awarding her only $375 in monthly spousal support.  Husband's gross monthly income was $4,571.  Husband's expenses include costs for the parties' children, including $400 per month in fees for the school placement of the younger child, and college-related costs for the older child.

Wife claimed monthly expenses of $3,360 and only $65 in monthly interest income.  On cross-examination, wife testified that some of her listed costs were attributable to real estate work, although she was not currently working.  Wife had separate earnings through 1994, although the annual amount varied from

$1,223 in 1986 to more than $23,000 as recently as 1993. In addition, wife testified that she had over $77,000 in separate funds in 1995. She admitted that she had inherited her father's home, but she was unwilling to rent it. Wife claimed a number of items of personalty on the basis that she purchased them after the separation.

Wife received the marital home, subject to its outstanding mortgages. A portion of the debt encumbering the marital home was wife's debt of $29,233, which she withdrew on the equity credit line after the separation. While wife was ordered to pay husband $26,500 for his interest in the marital home, husband was ordered to pay wife $19,500 for her interest in the Sunnyvale property. Thus, the net payment by wife was substantially less than $26,500. Wife was also ordered to pay $4,000 in credit card debt and ordered to pay her own attorney's fees and costs.

The record demonstrates that the trial court considered all the statutory factors, including the evidence of wife's current inability to work. The trial court heard the parties testify, and its determination of the parties' credibility is inherent in its weighing of the evidence. We cannot say, based upon the record, that the trial court's decision was an abuse of discretion.

### Referral to Commissioner in Chancery

Wife argues that the trial court abused its discretion when it refused to hear evidence of her fault-based grounds of divorce

-10-

ore tenus.  This argument is without merit.  The trial court

ruled that, if wife wished to present evidence to support the

fault grounds of divorce alleged in her cross-bill,

> all matters regarding the fault grounds of
> divorce shall be referred to a Commissioner
> in Chancery to take evidence and report his
> findings and recommendations to the Court
> and the cost for the Commissioner shall
> initially be paid by [wife] in advance
> subject to reallocation by the Court.

We find no abuse of discretion in the trial court's ruling.

Wife was neither precluded from presenting her evidence nor

ordered to pay the full final costs associated with the

commissioner's hearing.  "We find it entirely compatible with the

practice and statutory law of the Commonwealth for a court to

refer questions regarding the circumstances and factors which

contributed to the dissolution of the marriage to a commissioner

in chancery."  Klein v. Klein, 11 Va. App. 155, 159, 396 S.E.2d

866, 869 (1990).

> The use of commissioners in chancery
> has been of long standing in Virginia.
> Code § 8.01-607 authorizes each circuit
> court to "appoint such commissioners in
> chancery as may be deemed necessary for the
> convenient dispatch of the business of the
> court."  The question of when it is proper,
> or may be useful, to resort to the aid of a
> commissioner is one which addresses itself
> to the sound discretion of the court.

Id.  The trial court did not abuse its discretion in requiring

that the party asserting fault grounds pay the initial expenses

attributable to pursuing those allegations.  Wife was not denied

the chance to present evidence supporting her allegations of

-11-

fault, and her contention otherwise is not supported by the record.

Accordingly, the decision of the circuit court is summarily affirmed.

<u>Affirmed</u>.