## CIRCUIT COURT OF FAIRFAX COUNTY

Scott

v.

Scott

July 23, 2002

Case No. (Chancery) 172269

By Judge Jonathan C. Thacher

This matter came before the Court on May 28, 2002, on a bench trial to determine equitable distribution based on a one-year separation, no-fault divorce. The Court has considered all of the statutory factors of Virginia Code §§ 20-107.1 and 20-107.3 in determining the amount of support and equitable distribution of the parties' marital assets.

### Background

The parties were involved in a long-term marriage and have one emancipated child and two minor children. The minor children reside primarily with Ms. Scott. Mr. Scott has established a career as a Rear Admiral in the Navy Reserve and a pilot for United Airlines. Ms. Scott was employed as a flight attendant at the time the parties met. She has not been employed for compensation from 1996 until recently. However, she is currently employed part-time as a sales clerk.

### 1. The San Diego Condo

The parties own a condominium in San Diego. The evidence showed that Mr. Scott purchased the condo in 1978, prior to his marriage in August 1981.

The condo was refinanced once before the marriage and twice after the marriage. The funds gained from the refinancings were used to the benefit of the family to pay family obligations and to reduce family debt unassociated with the asset. No marital funds were spent to maintain or increase the value of this asset. To the contrary, this asset provided funds to the marriage from excess rents received on the property after payment of the mortgage. The evidence clearly established that the condo produced a positive cash flow to the marital estate and no marital funds were used on the condo. Given these facts, a *Brandenburg* analysis is not necessary. Rather, by definition of Virginia Code § 20-107.3, it is simply separate property of the husband under the evidence on this record. See Va. Code Ann. § 20-107.3(A)(1).

The Court presumes that separate property remains separate unless sufficient evidence supports a finding that "appreciation in the value of the separate contribution [is] a gift to the family." *Stark v. Rankins*, 2001 Va. App. LEXIS 375, *6, No. 1568-00-2 (Va. App. June 26, 2001). Although Mr. Scott transferred the deed of trust to the San Diego condo from sole ownership to joint ownership in January 1997, it is not enough to merely change legal title "to create a gift." *Kelln v. Kelln*, 30 Va. App. 113, 123, 515 S.E.2d 789 (1999). When property is retitled, "[a] person who claims ownership to property by gift must establish by clear and convincing evidence the elements of donative intent and actual or constructive delivery." *Dean v. Dean*, 8 Va. App. 143, 146, 379 S.E.2d 742 (1989). At the hearing, Ms. Scott did not produce any evidence of donative intent. To the contrary, the evidence introduced at trial showed that earlier refinancings during the marriage occurred without Ms. Scott going onto the deed and that the only reason Ms. Scott became titled was because it was required by the lending institution on the last refinance. Therefore, the Court finds that solely Mr. Scott should retain the San Diego condo.

## 2. *Spousal Support*

At this time, the Court must take the parties' incomes as they present them at trial despite testimony that Mr. Scott will be forced to retire in the near future. Accordingly, the Court's decision is based upon the incomes and situations of the parties at the time of the hearing. In determining spousal support, the Court has considered Mr. Scott's current monthly income of $17,000. The Court finds that Ms. Scott is underemployed at her current part-time position as a sales clerk, earning $10 per hour. Expert testimony established that Ms. Scott is employable at salary ranges exceeding $30,000 per year. Therefore, the Court finds that imputing a $30,000 salary to Ms.

Scott is reasonable. The Court further finds that Ms. Scott's income and expense sheet was inflated and not factually grounded. Some examples of her "wish listing" include $190 per month for grooming and $700 per month for groceries. The Court finds Ms. Scott's actual monthly expenses to be $5,488. Weighing Ms. Scott's imputed income and actual monthly expenses, the Court awards Ms. Scott spousal support in the amount of $3,000 per month.

## 3. *Child Support*

The parties have two minor children, both of whom reside primarily with Ms. Scott. Based upon the Court's findings of the parties' respective incomes and payment of spousal support and using the Virginia child support guidelines, Ms. Scott is awarded $1,480 per month in child support. Therefore, the total monthly monetary obligation of Mr. Scott to Ms. Scott is $4,480 per month. Mr. Scott may take the applicable tax exemptions for the dependent children.

## 4. *Marital Residence, Pension Schedule, and Attorney's Fees*

Because the Court finds that the parties were involved in a long-term marital partnership, Mr. Scott's Pension Schedule shall be divided 50-50 between the parties. Additionally, the marital residence shall be sold, and the parties shall divide the proceeds 50-50. Mr. Scott remains fully obligated to the $75,000 Second Trust.

Both parties have incurred legal debt as a result of the divorce proceedings in this case. Accordingly, each party shall pay for their own attorneys' fees.