COURT OF APPEALS OF VIRGINIA


Present:   Judges Annunziata, Felton and McClanahan
Argued at Alexandria, Virginia


THOMAS H. DOTSON

v.      Record No. 0234-03-4

RITA L. DOTSON

MEMORANDUM OPINION* BY
JUDGE ELIZABETH A. McCLANAHAN
MAY 4, 2004


FROM THE CIRCUIT COURT OF SHENANDOAH COUNTY
Dennis L. Hupp, Judge

Danita S. Alt for appellant.

Frankie C. Coyner (Law Offices of Frankie C. Coyner, on brief),
for appellee.


Thomas H. Dotson appeals the equitable distribution of a large tract of farm property in

his divorce from Rita L. Dotson.  He contends that the trial court erred in classifying the property

as hybrid property instead of marital property, finding that wife did not intend to make a gift of

the property to the marital estate, and dividing equally the value of the property.  Finding no

error in the trial court, we affirm.

I.  Background

On appeal, we review the evidence in the light most favorable to the party prevailing

below.  Jacobsen v. Jacobsen, 41 Va. App. 582, 589, 586 S.E.2d 896, 899 (2003) (citing

Anderson v. Anderson, 29 Va. App. 673, 678, 514 S.E.2d 369, 372 (1999)).  Husband and wife

were married in 1967.  In 1991, wife's father died and left the residue of his estate to wife, which

included farm property in Shenandoah County.

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The executor of the estate was wife's brother, who attempted to pay the expenses and taxes relating to the administration of the estate out of the residue left to wife. Wife filed a lawsuit against her brother regarding the management of the estate, which ultimately settled. The settlement required wife to pay $100,000 into the estate "for the payment of Estate taxes and interest, debts and costs of administration currently due and owing or to be incurred in the ongoing administration of the Estate and its closing and otherwise final accounting before the Commissioner of Accounts or otherwise, and in settlement of this matter." The payment was to be made simultaneously at closing upon the distribution of the real and personal property left to wife in her father's will.[1]

In order to pay the $100,000 into the estate, the parties obtained a loan. That loan, in the amount of $250,000, covered the payment to the estate, the attorney's fees associated with the litigation over the estate, debt consolidation, and the purchase of cattle. The farm property wife was inheriting was used to secure the loan. The bank required both wife's and husband's names on the deed in order to receive the funds.

The parties moved to the farm and began a farming business. Husband took on the majority of the farm operations. Both parties had outside employment, but split the work on the farm with husband generally taking care of the outside farm work and wife taking care of the

---

[1] The parties do not address and, therefore, we do not consider, the effect, if any, of the "Settlement Agreement and Release," dated April 14, 1995. (Appendix Volume 1, p. 435). Section 3k of that agreement states,

> The conveyance of real estate called for above will be by quitclaim deed to Mr. and Ms. Dotson as tenants by the entirety with full common law right of survivorship. All such conveyances will be deemed for purposes of the Estate to be conveyances to Ms. Dotson only. Mr. and Ms. Dotson will execute Exhibit E in respect hereof. Exhibit E is incorporated by reference.

An unexecuted copy of Exhibit E, "Acknowledgement and Further Assurances," appears in the Appendix. (Volume 1, p. 456).

house.  The parties maintained separate bank accounts, into which they deposited their regular pay.  Husband paid most of the farm expenses from his account, including the mortgage payments.  Wife paid the insurance for the farm truck and electricity usage.  She also managed the bills for the farming operation and filed the tax returns.

In 2001, wife filed a bill of complaint for divorce seeking, *inter alia*, equitable distribution of the marital estate.  The court held an *ore tenus* hearing, which included testimony regarding the titling of the farm property.  Wife characterized the joint titling as "a banking decision."  She claimed that by doing it, she had no intention of gifting the property into the marital estate.  Husband did not rebut wife's testimony regarding the bank's requirement that the property be titled with both their names on the deed, but he did say, "I wouldn't have worked like I did if I hadn't thought I owned it."

Following the hearing, the chancellor issued a letter opinion classifying the farm as hybrid property.  He found part of the property as marital based on the evidence that wife was required to pay money into the estate in order to secure the conveyance.  Specifically, the chancellor found that the full extent of the lien (the deed of trust amount, $250,000) created a marital interest in the property.  The proportion of the loan to the total value of the property inherited from the estate (which the chancellor found from the evidence to be $683,160) yielded a finding that 36.6% of the farm value was marital property.  The court then ordered that the marital portion of the property be divided equally.

## II.  Analysis

### A.  Standard of Review

"Fashioning an equitable distribution award lies within the sound discretion of the trial judge."  Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990).

> Unless it appears from the record that the chancellor has abused his
> discretion, that he has not considered or has misapplied one of the

- 3 -

statutory mandates, or that the evidence fails to support the findings of fact underlying his resolution of the conflict in the equities, the chancellor's equitable distribution award will not be reversed on appeal.

Smoot v. Smoot, 233 Va. 435, 443, 357 S.E.2d 728, 732 (1987).

In any equitable distribution proceeding, the circuit court must follow three basic steps. First, the court must classify the property as separate, marital, or hybrid (part separate and part marital property). A value must then be assigned to every item or portion deemed marital property, and the value must be based upon evidence presented by the parties. Finally, the court is to divide the property between the parties, taking into consideration all the specifically enumerated factors in Code § 20-107.3(E). At issue here is the farm's classification, whether wife intended to gift the property into the marital estate, and how the property was divided.

B. Classification of the Property

Husband contends that the trial court erroneously classified the farm property as hybrid property: part separate and part marital. For the following reasons we find the court did not commit reversible error in making this classification.

Code § 20-107.3 governs the classification of property for purposes of equitable distribution. Separate property includes "all property acquired during the marriage by bequest, devise, descent, survivorship or gift from a source other than the other party." Code § 20-107.3(A)(1). Marital property includes "all property titled in the names of both parties, whether as joint tenants, tenants by the entirety or otherwise" and "that part of any property classified as marital pursuant to subdivision A 3." Code § 20-107.3(A)(2). Subdivision (A)(3) recognizes the concept of hybrid property, which is property that is part marital and part separate. See Rahbaran v. Rahbaran, 26 Va. App. 195, 205, 494 S.E.2d 135, 140 (1997).

Husband claims that according to Code § 20-107.3(A)(2), the property should have been classified as marital because the property was purchased during the marriage and not inherited.

- 4 -

He argues that wife was merely given an opportunity to buy the property at a "bargain" price. Further, if wife had not chosen to incur the lien and pay $100,000 into the estate, she never would have acquired the property, because it would have been sold. Husband contends that because both parties signed the bank note, marital funds enabled the farm to be "purchased."

In this case, however, the evidence shows that wife inherited the farm property from her father as part of the residue of his estate. As set forth above, Code § 20-107.3(A)(1) states, "[s]eparate property is . . . all property acquired during the marriage by bequest." Thus, the original character of the property was separate.

Separate property that is retitled in the joint names of the parties is deemed transmuted to marital property. "However, to the extent that the property is retraceable by a preponderance of the evidence and was not a gift, the retitled property retains its original classification." Code § 20-107.3(A)(3)(f). This property was retitled in the joint names of the parties and therefore was transmuted to marital property. Wife contended, and the court found, that she never relinquished her separate interest in the property.

"[T]he party claiming a separate interest in transmuted property bears the burden of proving retraceability." von Raab v. von Raab, 26 Va. App. 239, 248, 494 S.E.2d 156, 160 (1997). "This process involves two steps: a party must (1) establish the identity of a portion of hybrid property and (2) directly trace that portion to a separate asset." Rahbaran, 26 Va. App. at 208, 494 S.E.2d at 141. Wife retraced her separate interest in the property by a copy of the will and the settlement papers. She also testified that the farm was titled jointly only because that was required by the bank in order to secure the loan.

In spite of finding that wife proved that the farm was separate property, the trial court classified it as hybrid property because of the bank loan secured by the deed of trust titled in both names. The chancellor stated,

> The question of whether [the property] is, nevertheless, marital property, presents a difficult issue, and, in my view, it is a close call. The parties jointly borrowed money and paid it to the estate in return for this conveyance. This smacks of "purchase", but it is clear that the amount paid was not full consideration, the value of the property greatly exceeding the amount paid to the estate. I understand, of course, that the money was paid to settle the estate litigation and not as consideration for the conveyance of this property.

And further stated,

> I view the farm as hybrid property, partly marital and partly separate. The marital portion comes from the money paid by the parties to secure the conveyance from the estate. Viewing the deed of trust amount ($250,000.00) in proportion to the total amount of property received from the estate ($683,160.00), I find that 36.6% of the farm value is marital property.

The evidence showed that if the parties had not borrowed money from the bank, the property may have been lost. The court found that the loan secured a portion of the property. Had the loan not been repaid, the bank could have foreclosed on the farm only to the extent of the $250,000 loan. The evidence also showed that the loan was paid from husband's account, further supporting the finding that part of the farm was marital property, at least to the extent of the loan.

The court found the $250,000 lien on the property constituted 36.6% of the total value. The balance of the value of the property remained wife's inherited, separate property. Therefore, the chancellor correctly classified the property as hybrid: 36.6% marital and 63.4% separate. Applying the statutory provisions, we find no error in this analysis.

### C. Wife's Donative Intent

Husband claims that placing the title to the farm in the joint name of both parties proves that wife made the farm a gift to the marital estate. "When separate property is retitled in the joint names of the parties, the retitled property shall be deemed transmuted to marital property. However, to the extent the property is retraceable by a preponderance of the evidence and was

not a gift, the retitled property shall retain its original classification." Code § 20-107.3(A)(3)(f). See also von Raab, 26 Va. App. at 247, 494 S.E.2d at 160. "If the party claiming the separate interest in transmuted property proves retraceability, the burden shifts to the other party to prove that the transmutation of the separate property resulted from a gift." Id. at 248, 494 S.E.2d at 160 (internal quotation marks and citation omitted).

Husband has to prove that the farm property was a gift. Three elements are necessary to prove a gift: (1) intention on the part of the donor to make a gift; (2) delivery or transfer of the gift; and (3) acceptance of the gift by the donee. Theismann v. Theismann, 22 Va. App. 557, 566, 471 S.E.2d 809, 813, aff'd en banc, 23 Va. App. 697, 479 S.E.2d 534 (1996). See also Utsch v. Utsch, 38 Va. App. 450, 565 S.E.2d 345 (2002).

Even assuming husband's proof establishes elements two and three, the trial court found that he failed to prove element one, that wife intended to make the farm a gift to the marital estate. Husband offered no evidence to prove wife's donative intent, except to say, "I wouldn't have worked like I did if I hadn't thought I owned it." Evidence of effort extended on the part of husband is not sufficient to prove wife's intent.

Husband further argues that wife placed no reservations on the transfer of the property into joint title. He contends that absent clear language in the deed that the farm property was to remain separate property, it was error not to find that a gift occurred. However, "[n]o presumption of gift shall arise under this section where . . . newly acquired property is conveyed into joint ownership." Code § 20-107.3(A)(3)(g). See also Theismann, 22 Va. App. at 565, 471 S.E.2d at 813. Just because the deed did not indicate that the property was to remain separate does not create a presumption that the property was a gift.

The trial court did not err in finding that husband did not carry his burden of proving that the farm was a gift from wife.

D. Equal Division of the Marital Portion of the Property

Husband complains that the trial court's conclusion that the parties' contributions to their property were fundamentally equal is in error and not supported by the evidence. He argues that the evidence at trial demonstrated that he performed the overwhelming majority of work on the farm and that such evidence was uncontested. Therefore, he contends he should have been awarded a greater share of the farm property.

"It is within the discretion of the court to make an equal division or to make a substantially disparate division of assets as the factors outlined in Code § 20-107.3(E) require." Torian v. Torian, 38 Va. App. 167, 181, 562 S.E.2d 355, 362 (2002) (citing Matthews v. Matthews, 26 Va. App. 638, 645, 496 S.E.2d 126, 129 (1998)). "Consideration of the factors as applied to various assets can justify different equities in each of those assets." Theisman, 22 Va. App. at 570, 471 S.E.2d at 815 (citing Artis v. Artis, 10 Va. App. 356, 362, 392 S.E.2d 504, 507 (1990)).

> [B]ecause of the difficulty of determining if and how the trial court considered the Code § 20-107.3 factors as to each separate [asset], we will look to the overall reasonableness of the award to determine whether there was an abuse of discretion. We do not examine the division of individual items of property.

Blank v. Blank, 10 Va. App. 1, 9, 389 S.E.2d 723, 727 (1990).

As to the global division of the marital estate in this case, the equitable distribution factors and the evidence were reviewed by the chancellor in his letter opinion, "in narrative fashion." The chancellor noted the outside work history and the contributions of each of the parties to the marriage. He found that while husband was the primary breadwinner and that he maintained the farm and the related equipment, wife had been employed as a teacher, furthered her education in her career area, and maintained and improved the family home. He stated that "both parties contributed both monetarily and non-monetarily to the marriage." While the

chancellor commented that he shared "some of the Husband's concern as to why the Wife could not have helped more with the farming operation," he found that "the total picture is one of fairly equal contributions." He then found "that the parties should share equally in the distribution of the marital property." We cannot say, on the evidence in the record, that this ruling constituted an abuse of discretion.

### III. Conclusion

The trial court properly applied the governing statute on equitable distribution to the farm property. The evidence in the record supports the court's findings on classification, donative intent and division. Therefore, we find no error or abuse of discretion in the trial court's award. Accordingly, the decision of the circuit court is affirmed.

Affirmed.