COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Willis and Clements
Argued at Richmond, Virginia


FRANCIS VINCENT UTSCH

                                          OPINION BY

v.    Record No. 1583-01-2       JUDGE JEAN HARRISON CLEMENTS
                                         JULY 2, 2002

JULIE ANDREWS UTSCH


FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
T. J. Hauler, Judge

Charles E. Powers (Christine M. Schiller;
Barnes & Batzli, P.C., on brief), for
appellant.

Donald K. Butler (Mary Beth Joachim; Morano,
Colan, Cook & Butler, on brief), for
appellee.


Francis Vincent Utsch (husband)[1] appeals the equitable distribution decision of the trial court awarding Julie Andrews Utsch (wife) one-half of the value of the marital residence. On appeal, husband contends the trial court erred (1) in classifying the marital residence, which he conveyed during the marriage by deed of gift to wife and himself as tenants by the entirety, as wholly marital property and (2) in dividing the value of that property equally. For the reasons that follow, we reverse the trial court's decision and remand for further proceedings.

I. BACKGROUND

---

[1] Mr. Utsch died during the pendency of this appeal. The appeal, however, will not abate, and we will "retain jurisdiction and enter judgment . . . as if such event had not occurred." Code § 8.01-20.

The parties married on August 23, 1987. On September 13, 1988, husband executed a deed of gift conveying the marital residence, which husband had obtained prior to the marriage, to himself and wife as tenants by the entirety with the common law right of survivorship. The deed of gift provided that the conveyance was made "for and in consideration of the love and affection of [husband] for [wife]" and that the "conveyance [was] exempt from recordation taxes pursuant to [Code] § 58.1-811(D)."[2] The parties separated on June 28, 1998.

Husband argued at the equitable distribution hearing on December 7, 2000, that the marital residence was not transmuted into marital property under Code § 20-107.3(A)(3)(d) because his separate portion of the property was retraceable and was not a gift. The transfer by deed of gift, he argued, was a mere conveyance of title necessary to obtain refinancing on the property. He proffered deposition testimony regarding the circumstances surrounding the execution of the deed of gift to show that he did not intend to make a gift of his separate interest in the property to wife. Wife, who argued the deed of gift was sufficient by itself to prove husband's donative intent, renewed the objection she had raised at the deposition to husband's testimony, asserting that, under the parol evidence

---

[2] Code § 58.1-811(D) provides as follows:

> No recordation tax shall be required for the recordation of any deed of gift between a grantor or grantors and a grantee or grantees when no consideration has passed between the parties. Such deed shall state therein that it is a deed of gift.

rule, husband could not introduce parol evidence to refute the donative intent clearly and unambiguously expressed in the deed of gift. The trial court agreed with wife.

By letter opinion dated January 26, 2001, the trial court ruled that, in conveying the marital residence by deed of gift to himself and wife as tenants by the entirety, husband made a gift of an interest in the marital residence to wife. Finding the deed of gift "clear and unambiguous on its face," the trial court excluded husband's evidence regarding the circumstances surrounding the execution of the deed of gift. Such parol evidence, the trial court held, was inadmissible under the parol evidence rule to "rebut the intent expressed within the four corners of the deed." Finding the deed sufficient on its face to establish husband's donative intent, the trial court concluded that the marital residence was transmuted wholly into marital property under Code § 20-103.7(A)(f). The trial court then, "[a]fter fully considering the evidence, the arguments of counsel, and the factors in [Code § 20-107.3(E)]," awarded each of the parties half of the value of the marital residence.

On May 22, 2001, the trial court entered a final decree of divorce incorporating the equitable distribution award. This appeal followed.

## II. ANALYSIS

"In making an equitable distribution, the court must classify the property, assign a value, and then distribute the property to the parties, taking into consideration the factors listed in Code § 20-107.3(E)." Theismann v. Theismann, 22 Va. App. 557, 564, 471 S.E.2d 809, 812, aff'd en banc, 23 Va. App.

697, 479 S.E.2d 534 (1996). "Fashioning an equitable distribution award lies within the sound discretion of the trial judge . . . ." Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990).

> Unless it appears from the record that the chancellor has abused his discretion, that he has not considered or has misapplied one of the statutory mandates, or that the evidence fails to support the findings of fact underlying his resolution of the conflict in the equities, the chancellor's equitable distribution award will not be reversed on appeal.

Smoot v. Smoot, 233 Va. 435, 443, 357 S.E.2d 728, 732 (1987).

Code § 20-107.3(A)(3)(f) provides that "[w]hen separate property is retitled in the joint names of the parties, the retitled property shall be deemed transmuted to marital property, . . . [unless] it is retraceable by a preponderance of the evidence and was not a gift." Hence, an interspousal gift of jointly retitled separate property "becomes marital property subject to division pursuant to the factors listed under Code § 20-107.3(E)." Kelln v. Kelln, 30 Va. App. 113, 122, 515 S.E.2d 789, 793 (1999) (citing Theismann, 22 Va. App. at 567-69, 471 S.E.2d at 813-14). However, no presumption of gift arises from the fact that the "property is conveyed or retitled into joint ownership." Code § 20-107.3(A)(3)(g). Thus, when separate property that has been transferred into joint title is shown to be retraceable, "the party seeking to have [the] property acquired by interspousal transfer retain its classification as marital under [Code] § 20-107.3(A)(3)(g) must prove the property was a gift." Theismann, 22 Va. App. at 578, 471 S.E.2d at 819 (Annunziata, J., dissenting).

Here, the evidence is uncontroverted that husband brought the marital residence into the parties' marriage as separate property. During the marriage, however, husband executed a deed conveying the marital residence to himself and wife as tenants by the entirety. Thus, assuming husband could prove by a preponderance of the evidence that his separate portion of the marital residence was retraceable,[3] the burden was on wife to prove that husband made a gift of an interest in the property to her. Only then could the marital residence be classified as marital property under subsections (f) and (g) of Code § 20-107.3(A)(3).

To establish the existence of a gift, the donee must prove by clear and convincing evidence: "(1) the intention on the part of the donor to make the gift; (2) delivery or transfer of the gift; and (3) acceptance of the gift by the donee." Id. at 566, 471 S.E.2d at 813; see also Dean v. Dean, 8 Va. App. 143, 146, 379 S.E.2d 742, 744 (1989) (holding that one who claims ownership of property by virtue of a gift bears the burden of proving by clear and convincing evidence the donor's donative intent and delivery of the gift). In this case, the only element necessary to prove a gift that was in dispute before the trial court was husband's donative intent.

Wife argued that the terms of the deed showed husband intended to make a gift of his separate interest in the marital

---

[3] Proceeding directly to the issue of whether husband's transfer of the marital residence into joint title constituted a gift, the trial court made no finding in its letter opinion regarding the issue of whether husband's separate portion of the marital residence was retraceable.

residence to the parties jointly.  She pointed to the words "deed of gift" and "consideration of love and affection" in the deed. Husband denied he intended, in executing the deed, to make a gift of his separate property to wife.  He proffered parol evidence regarding the circumstances surrounding the execution of the deed to show he intended to transfer the marital residence into joint title solely to obtain refinancing on the property.  Wife objected to this testimony on the ground that it was inadmissible under the parol evidence rule.

Relying on the fact that the instrument used to convey the marital residence was termed a deed of gift and that the conveyance was expressly exempt from recordation taxes because it was without consideration, the trial court found that the deed clearly and unambiguously established husband's donative intent. The trial court refused, therefore, to consider husband's parol evidence and held that husband's conveyance of the marital property to the parties jointly constituted a gift.

On appeal, husband contends the trial court erred in finding the deed sufficient on its face to establish his donative intent under Code § 20-107.3(A)(3)(f) and in refusing to consider parol evidence regarding the circumstances surrounding the deed's execution that he proffered to show he did not intend to make a gift of his separate interest in the marital residence to wife. We agree.

To determine whether a deed "contains sufficient evidence of donative intent" to transform separate property into marital property for purposes of equitable distribution, the court charged with that determination must construe the deed in

accordance with the applicable rules "governing the construction" of deeds, including, if appropriate, the parol evidence rule. Kelln, 30 Va. App. at 122, 515 S.E.2d at 793; see also Langman v. Alumni Ass'n of the Univ. of Virginia, 247 Va. 491, 498, 442 S.E.2d 669, 674 (1994) (noting that the parol evidence rule applies to deeds).

> The prime consideration [in construing a deed], as with any writing, is to determine the intention of the parties executing the instrument.  The intention . . . should be ascertained from the language used in the deed, if possible.  If the language is explicit and the intention is thereby free from doubt, such intention is controlling, if not contrary to law or to public policy, and auxiliary rules of construction should not be used.

Camp v. Camp, 220 Va. 595, 597-98, 260 S.E.2d 243 (1979) (citation omitted).

Thus, "when the language of a deed is 'clear, unambiguous, and explicit,' a court interpreting it 'should look no further than the four corners of the instrument under review'" to ascertain the donor's intent.  Pyramid Dev., L.L.C. v. D&J Assocs., 262 Va. 750, 754, 553 S.E.2d 725, 728 (2001) (quoting Langman, 247 Va. at 498-99, 442 S.E.2d at 674).  "Only when the language is ambiguous may a court look to parol evidence, or specifically, to the language employed 'in light of the [surrounding] circumstances . . . at the time the deed was executed.'"  Id. (quoting Gordon v. Hoy, 211 Va. 539, 541, 178 S.E.2d 495, 496 (1971)).  "An ambiguity exists when language is of doubtful import, admits of being understood in more than one way, admits of two or more meanings, or refers to two or more

things at the same time." Allen v. Green, 229 Va. 588, 592, 331

S.E.2d 472, 475 (1985).

"[T]he question whether a writing is ambiguous is not one of

fact but of law." Langman, 247 Va. at 498, 442 S.E.2d at 674.

"On appellate review, we are not bound by the trial court's

conclusions regarding an instrument's ambiguity because we are

provided with the same opportunity as the trial court to consider

the written provisions of the deed in question." Pyramid Dev.,

L.L.C., 262 Va. at 754, 553 S.E.2d at 727.

Guided by the foregoing principles, we turn to the deed in

question here. It provides, in pertinent part, as follows:

> THIS DEED OF GIFT made this 13th day of
> September, 1988, by and between [husband],
> homme sole, party of the first part, and
> . . . husband and wife, parties of the second
> part;

> WITNESSETH:

> That for and in consideration of the
> love and affection of [husband] for [wife]
> and other good and valuable consideration,
> the receipt of which is hereby acknowledged,
> the party of the first part does hereby grant
> and convey . . . unto parties of the second
> part as tenants by the entirety with rights
> of survivorship as at common law the [marital
> residence].

> *     *     *     *     *     *     *

> This conveyance is exempt from
> recordation taxes pursuant to § 58.1-811(D)
> of the Code of Virginia (1950), as amended.

Plainly, the language of the deed makes it clear that

husband intended to transfer legal title of the marital residence

to himself and wife jointly without consideration. It does not

necessarily follow, however, that husband intended to convey the

property into the marital estate and thus relinquish his separate interest in the property for purposes of equitable distribution.

As we pointed out in McDavid v. McDavid, 19 Va. App. 406, 410, 451 S.E.2d 713, 716 (1994), "[h]ow the property is titled generally is not dispositive of its classification."  In other words, "whether the property is separate or marital is determined by the statutory definition and is not determined by legal title."  Garland v. Garland, 12 Va. App. 192, 195, 403 S.E.2d 4, 6 (1991).  Hence, "[a] party claiming entitlement to rights and equities in marital property by virtue of an interspousal gift must prove the donative intent of the donor spouse and the nature and extent of the donor's intention."  Lightburn v. Lightburn, 22 Va. App. 612, 617, 472 S.E.2d 281, 283 (1996) (emphasis added).  Absent clear and convincing evidence that the donor spouse intended to convey the jointly retitled property into the marital estate, the transfer of separate property into joint title will not constitute a gift under Code § 20-107.3(A)(3)(f).  See generally Rowe v. Rowe, 24 Va. App. 123, 137, 480 S.E.2d 760, 766-67 (1997) (holding that the husband's statement to the wife that the home conveyed into joint title was hers was evidence that husband intended to make a gift for equitable distribution purposes); Theismann, 22 Va. App. at 566, 471 S.E.2d at 813 (holding that the husband's giving the wife cards when his separate property was jointly retitled indicating that the property was now "our home" was evidence of husband's donative intent under Code § 20-107.3(A)(3)(f)).

Accordingly, in considering equitable distribution, a trial court must consider all tendered competent evidence of the

context in which a deed is executed and delivered in order to determine whether that deed effects a donative intent under Code § 20-107.3(A)(3)(f).  It cannot ignore the context as a whole simply because the deed, standing alone, says "gift" and clearly and unambiguously appears to reflect the donor spouse's intention to transfer title to the parties jointly without consideration. By statute, "[n]o presumption of gift shall arise . . . where . . . property is conveyed or retitled into joint ownership." Code § 20-107.3(A)(3)(g).  The events and circumstances giving rise to the retitling of property must be considered in determining the agreement of the parties.

> "[I]t is . . . elementary that the [parol evidence] rule does not apply where the writing on its face . . . does not embody the entire agreement.  In such a case, parol evidence is always admissible, not to contradict or vary the terms, but to establish the real contract between the parties."

Prospect Dev. Co. v. Bershader, 258 Va. 75, 84, 515 S.E.2d 291, 296 (1999) (alterations in original) (quoting Georgiades v. Biggs, 197 Va. 630, 634, 90 S.E.2d 850, 854 (1956)).

Deeds generally do not address the underlying issue of donative intent relative to property division, but some do.  In McDavid, the parties executed a deed transferring the wife's interest in marital property to the husband.  19 Va. App. at 411, 451 S.E.2d at 717.  The deed recited that it was a deed of gift and provided that

> the property was to be held by husband "in his own right as his separate and equitable estate as if he were an unmarried man . . . free from the control and marital rights of his present . . . spouse" and "with full and complete power . . . [to] dispose of the

>        . . . property . . . during his lifetime
>        . . . [or by] devise."

Id. (alterations in original).  On appeal, we affirmed the trial court's holding that the deed's language "clearly and without ambiguity . . . grant[ed] title to [husband] as his separate property."  Id. at 412, 451 S.E.2d at 717 (second alteration in original) (emphasis added).

Here, however, unlike in McDavid, the deed does not explicitly set forth the nature and extent of the donor's donative intent.  The deed says it is a "deed of gift."  It is not clear from the language of the deed, however, whether husband, in transferring title to the parties jointly, intended to make a true gift to wife such that the marital residence was transformed from separate property into marital property for purposes of equitable distribution, as wife claims, or intended merely to convey legal title into joint ownership in order to obtain refinancing on the property without affecting the parties' equitable distribution rights, as husband claims.  See Brett R. Turner, Equitable Distribution of Property § 5.18, at 187 (2nd ed. Supp. 2001).  Furthermore, while evidence, certainly, of the former intent, the fact that the conveyance instrument is a deed of gift, the stated consideration for the conveyance is "love and affection," and the deed states the conveyance is not subject to recordation tax under Code § 58.1-811(D) is not conclusive proof of that intent, foreclosing consideration of other competent evidence to the contrary.

We find, therefore, as a matter of law, that, although the deed is clear and unambiguous on its face as to husband's intent

to transfer legal title of the marital residence to himself and wife jointly as tenants by the entirety without consideration, it is not clear and unambiguous with regard to husband's intent to make a gift of the marital residence to the marital estate. Thus, the fact finder must consider not only the terms of the deed itself, but also other competent evidence of the circumstances surrounding its execution and delivery.

Consequently, we conclude the trial court erred in finding the language of the deed of gift unambiguous, in finding the deed of gift conclusive on its face to establish husband's donative intent, and in excluding the introduction of parol evidence relating to the circumstances surrounding the execution of the deed of gift. Accordingly, we reverse the trial court and remand for reclassification of the marital residence after consideration of parol evidence and for adjustment of the division of the value of that property, as appropriate under Code § 20-107.3.[4]

<u>Reversed and remanded.</u>

---

[4] Because the trial court must reconsider the classification of the marital residence and the distribution of its value, we will not address husband's challenge to the trial court's distribution of that property's value.