PRESENT: All the Justices

JULIE ANDREWS UTSCH

OPINION BY
v.  Record No. 021987              JUSTICE DONALD W. LEMONS
June 6, 2003
FRANCIS VINCENT UTSCH

FROM THE COURT OF APPEALS OF VIRGINIA


Shortly after his marriage to Julie Andrews Utsch ("Wife"), Francis Vincent Utsch[1] ("Husband") transferred title of their marital residence from his name solely to himself and his wife as tenants by the entirety.  The conveyance was made by deed of gift and recited "love and affection" as consideration for the transfer.  Additionally, the deed of gift recited that the conveyance was exempt from recordation taxes under Code § 58.1-811(D).[2]  In the divorce and equitable distribution proceeding, the trial court held that the deed of gift was unambiguous and, consequently, that parol evidence concerning the circumstances surrounding the execution of the deed of gift was inadmissible.

---

[1] Mr. Utsch died during the pendency of his appeal to the Court of Appeals.  Pursuant to Code § 8.01-20, the Court of Appeals retained jurisdiction "as if such event had not occurred."  This Court will retain jurisdiction under the same statute.

[2] Code § 58.1-811(D) states the following: "No recordation tax shall be required for the recordation of any deed of gift between a grantor or grantors and a grantee or grantees when no consideration has passed between the parties.  Such deed shall state therein that it is a deed of gift."

On appeal, the Court of Appeals reversed the judgment of the trial court and held the following:

> [A]lthough the deed is clear and unambiguous on its face as to [H]usband's intent to transfer legal title of the marital residence to himself and [W]ife jointly as tenants by the entirety without consideration, it is not clear and unambiguous with regard to [H]usband's intent to make a gift of the marital residence to the marital estate.  Thus, the fact finder must consider not only the terms of the deed itself, but also other competent evidence of the circumstances surrounding its execution and delivery.
> Consequently, we conclude the trial court erred in finding the language of the deed of gift unambiguous, in finding the deed of gift conclusive on its face to establish [H]usband's donative intent, and in excluding the introduction of parol evidence relating to the circumstances surrounding the execution of the deed of gift.

Utsch v. Utsch, 38 Va. App. 450, 463, 565 S.E.2d 345, 351-52 (2002).  We awarded Wife an appeal from the adverse judgment of the Court of Appeals.  Because we hold that the deed of gift was unambiguous on its face, both for the purpose of retitling and proof of donative intent, parol evidence surrounding its execution was not admissible.

## I.  Analysis

In equitable distribution proceedings, the determination of title to property is a separate inquiry from the classification of property for the purposes of making an award pursuant to Code § 20-107.3.  The case before the Court involves a narrow

2

question concerning the proof necessary to determine classification of separate property that has been subsequently retitled in the joint names of the parties.

Both Husband and Wife agree that the marital residence before retitling would have been classified as separate property pursuant to Code § 20-107.3(A)(1). However, Code § 20-107.3(A)(2) provides in part that marital property consists of "all property titled in the names of both parties, whether as joint tenants, tenants by the entirety or otherwise, except as provided by subdivision A 3."

Code § 20-107.3(A)(3)(f) provides the following:

> When separate property is retitled in the joint names of the parties, the retitled property shall be deemed transmuted to marital property. However, to the extent the property is retraceable by a preponderance of the evidence and was not a gift, the retitled property shall retain its original classification.

The question presented in this appeal is whether the retitling in this case was a gift. If so, the marital residence is properly classified as marital property. If not, subject to proof of retracing, the marital residence retains its classification as separate property.

The burden of proof that the transfer was a gift is upon the party seeking to establish the gift. No presumption of gift arises from the act of retitling. Code § 20-107.3(A)(3)(g). Additionally,

> [i]t is well settled that the law does not presume a gift and where a donee claims title to personal property by virtue of a gift _inter vivos_, the burden of proof rests upon him to show every fact and circumstance necessary to constitute a valid gift by clear and convincing evidence.

Rust v. Phillips, 208 Va. 573, 578, 159 S.E.2d 628, 631 (1968). Proof of donative intent, delivery, and acceptance are necessary to sustain the burden. Id., 159 S.E.2d at 632. In this case, only donative intent is in controversy.

The parties agree and the Court of Appeals held that the deed of gift was unambiguous concerning the intent to retitle the property. The Court of Appeals held that "[i]t does not necessarily follow, however, that [H]usband intended to convey the property into the marital estate and thus relinquish his separate interest in the property for the purposes of equitable distribution." Utsch, 38 Va. App. at 461, 565 S.E.2d at 350. Further, the Court of Appeals held that "in considering equitable distribution, a trial court must consider all tendered competent evidence of the context in which a deed is executed and delivered in order to determine whether that deed effects a donative intent under Code § 20-107.3(A)(3)(f)." Id. In reaching these two holdings, the Court of Appeals added requirements to the elements of proof required under Code § 20-107.3(A)(3)(f) and eliminated the parol evidence rule from application in determining a gift in the context of

4

classification for equitable distribution purposes.  In each holding, the Court of Appeals erred.

Nowhere in Code § 20-107.3(A)(3)(f) is there a requirement of proof that a gift was intended for a particular purpose.  The proof required under the statutory provision is simply that the transfer was a gift.  As we have previously held in a case involving a grantor's intent in a deed, "[i]f [the party] intended the deed to be operative for one purpose, he must be taken to have intended it to be operative for all purposes apparent on its face."  Capozzella v. Capozzella, 213 Va. 820, 824, 196 S.E.2d 67, 70 (1973).

In determination of what is apparent on the face of a deed, we must consider the application of the parol evidence rule.  Contrary to the holding of the Court of Appeals, nothing in the statutory scheme suggests that the parol evidence rule is not to be applied in the determination of donative intent for equitable distribution purposes.  The legislature is fully capable of stating that the parol evidence rule does not apply to such a determination.  In the absence of such a declaration, the courts should not supply it, particularly where such a rule of law has been routinely applied to interpret deeds in Virginia.  See Adams v. Alliant Techsystems, Inc., 261 Va. 594, 598-99, 544 S.E.2d 354, 355-56 (2001).

"[T]he question whether a writing is ambiguous is not one of fact but of law."  Pyramid Dev., L.L.C. v. D&J Assocs., 262 Va. 750, 754, 553 S.E.2d 725, 727 (2001) (quoting Langman v. Alumni Assoc. of the Univ. of Virginia, 247 Va. 491, 498, 442 S.E.2d 669, 674 (1994)).  Just as we are not bound by the trial court's conclusions regarding an instrument's ambiguity, neither are we bound by the conclusion of the Court of Appeals.  Id. at 754, 553 S.E.2d at 727.  "[W]hen the language of a deed is 'clear, unambiguous, and explicit,' a court interpreting it 'should look no further than the four corners of the instrument under review.' "  Id., 553 S.E.2d at 728 (quoting Langman, 247 Va. at 498-99, 442 S.E.2d at 674).

Within the four corners of the instrument in question in this case are the declaration that it is a "deed of gift," the recitation that the conveyance is for "love and affection," and the reference to Code § 58.1-811(D) permitting exception from recording taxes for gifts.  We hold that the deed was unambiguous on its face and that the parol evidence rule applies to the determination at issue.  The deed not only shows by clear and convincing evidence the intent to jointly title the marital residence, but it also shows the donative intent of Husband in making the transfer.

6

Failure to recognize the applicability of the parol evidence rule in this context would result in unacceptable uncertainty in the law.  As one noted commentator observed:

> If [there were no parol evidence rule], no lawyer would be safe in advising upon the construction of a written instrument, nor any party in taking under it; for the ablest advice might be controlled, and the clearest title undermined, if, at some future period, parol evidence of the particular meaning which the party affixed to his words, or of his secret intention in making the instrument, or of the objects he meant to take benefit under it, might be set up to contradict or vary the plain language of the instrument itself.

11 Richard A. Lord, Williston on Contracts § 33.1, at 556 (4th ed. 1999) (citation omitted).

## II.  Conclusion

Because the Court of Appeals reversed the judgment of the trial court concerning its classification of the marital residence and ordered a remand, the court did not address Husband's challenge to the trial court's distribution of that property's value in the equitable distribution award.  Utsch, 38 Va. App. at 464 n.4, 565 S.E.2d at 352 n.4.

For the reasons stated, we will reverse the judgment of the Court of Appeals and remand to the Court of Appeals for consideration of the remaining unaddressed issue.

Reversed and remanded.

7