COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Fitzpatrick, Judges Felton and Kelsey
Argued at Chesapeake, Virginia


JACK M. PARRISH, III

v.      Record No. 1294-04-2

DIANE D. PARRISH

MEMORANDUM OPINION* BY
CHIEF JUDGE JOHANNA L. FITZPATRICK
MAY 31, 2005

FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Melvin R. Hughes, Jr., Judge

W. Reilly Marchant (Marchant, Thurston, Honey & Blanks, L.L.P.,
on briefs), for appellant.

M. Alicia Finley (The Barnes Law Firm, P.C., on brief), for
appellee.


Jack M. Parrish, III (husband) appeals from a final decree of divorce awarded to Diane D.

Parrish (wife) on May 18, 2004.  On appeal, husband contends that the trial court erred in: 1) failing

to allow parol evidence on the issue of whether he intended to gift his premarital separate property

interest in the marital home, and 2) awarding wife $10,000 in attorney's fees.  For the reasons that

follow, we affirm.

I.  FACTUAL BACKGROUND

In accordance with familiar principles, we view the evidence in the light most favorable

to the wife, the prevailing party below.  See Brown v. Brown, 30 Va. App. 532, 534, 518 S.E.2d

336, 337 (1999).

The parties were married on March 4, 1989, and separated on November 1, 2000,

approximately 11 years later.  They had no children together.  Appellant filed a bill of complaint

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

on December 3, 2001 and the final decree was signed May 18, 2004, approximately two and a half years later.

At issue during the divorce and equitable distribution proceedings was the wife's interest in the marital home. Husband owned the home in his sole name prior to the marriage. However, in April 1992 he refinanced the property and it was retitled to husband and wife as tenants by the entirety. At an equitable distribution hearing held July 2, 2003, the court heard evidence and argument on the issue of wife's interest in the marital home. In his original letter opinion, the trial judge found the evidence insufficient to determine a gift to wife of the equity that existed in the marital home at the time of the refinance. Wife filed a motion to reconsider, and the trial judge reversed his position and stated:

> On reconsideration, the wife is correct in her argument that there is sufficient evidence to determine a gift to the marriage of the equity in the property at the time of the refinance. Under Va. Code § 20-107.3(A)(3)(f):
>
>> When separate property is re-titled in the joint names of the parties, the re-titled property shall be deemed transmuted to marital property. However, to the extent the property is retraceable by a preponderance of the evidence and *was not a gift*, the re-titled property shall retain its original classification.
>
> In <u>Utsch v. Utsch</u>, 266 Va. 124 (2003), the [Supreme] Court found that a deed of gift that explicitly states that it has been in consideration of a gift is unambiguous on its face. Here, the April 27, 2002 deed recites that it is "in consideration of a gift." Based on this language, there is no ambiguity that a gift was intended, as in <u>Utsch</u>. For this reason, parol evidence was not admissible in an inquiry of whether the property was a gift to the marriage, and thus, marital property.

(Emphasis added.)

Wife also requested attorney's fees and at the close of the February 27, 2004 hearing, each side submitted a draft final decree of divorce. The trial judge later stated that he noticed two drafts of the decree, but he believed they were duplicates. He signed husband's draft that

- 2 -

did not include a provision for attorney's fees.  However, he later vacated that decree and signed

wife's final decree on May 18, 2004 and awarded the fees.  In his award of attorney's fees, the

trial judge stated:  "[U]pon review of the evidence offered at the July 2, 2003 hearing, as well as

evidence offered on February 27, 2004 and argument of counsel offered on February 27, 2004

and April 19, 2004 that Defendant's Motion for attorney's fees is granted . . . ."

## II.  PAROL EVIDENCE

Husband first contends that the trial court erred in finding that the deed retitling the

marital home from husband's separate property to one of tenants by the entirety was clear and

unambiguous, thus, precluding the introduction of parol evidence as to his intent.  We disagree,

and affirm the ruling of the trial court.

"The parol evidence rule applies to written instruments, including deeds, that express the

terms of the parties' agreement."  Langman v. Alumni Assoc. of Univ. of Va., 247 Va. 491, 498,

442 S.E.2d 669, 674 (1994).

> The question whether a writing is ambiguous is not one of fact but of law.  Thus, the trial court's conclusions in this regard are not binding on this Court, and we are provided with the same opportunity as the trial court to consider the written provisions of the deed in question.

Id. (citing Wilson v. Holyfield, 227 Va. 184, 187-88, 313 S.E.2d 396, 398 (1984)).

> The parol evidence rule is a time-honored fixture in the law of this Commonwealth.  In controversies between two parties to a contract, parol evidence of prior or contemporaneous oral negotiations or stipulations is inadmissible to vary, contradict, add to, or explain the terms of a complete, unambiguous, unconditional, written instrument.
>
> *        *        *        *        *        *        *
>
> . . . An ambiguity exists when language admits of being understood in more than one way or refers to two or more things at the same time.  However, a document is not ambiguous merely because the parties disagree as to the meaning of the language employed by them in expressing their agreement.

When the parties set out the terms of their agreement in a clear and explicit writing then such writing is the sole memorial of the contract and . . . the sole evidence of the agreement. In construing the terms of a contract or conveyance, we adhere to the "plain meaning" rule in Virginia. The language used is to be taken in its ordinary signification. . . . If, when so read, the meaning is plain, the instrument must be given effect accordingly. The guiding light . . . is the intention of the parties as expressed by them in the words they have used, and courts are bound to say that the parties intended what the written instrument plainly declares. This court is not free . . . to rewrite a deed to express an intention that is otherwise indiscernible.

Amos v. Coffey, 228 Va. 88, 91-93, 320 S.E.2d 335, 337 (1984) (internal quotations and citations omitted), see also Golding v. Floyd, 261 Va. 190, 192-93, 539 S.E.2d 735, 736-37 (2001).

In the instant case, the deed, on its face, states: "that for and in consideration of a *gift* pursuant to Section 58.1-810(3) of the Code of Virginia, the said Grantors do grant and convey unto the said Grantees, in fee simple, with GENERAL WARRANTY and English Covenants of Title, as tenants by the entirety with the right of survivorship as at common law, the following described real estate . . . ." (Emphasis added.) That language is clear and unambiguous. The deed, on its face, transferred property that was held in the sole name of husband to the joint names of husband and wife without compensation and stated the consideration was a gift. These terms are not inconsistent nor contradictory.

We agree with the trial court that the Supreme Court's holding in Utsch v. Utsch, 266 Va. 124, 581 S.E.2d 507 (2003), controls the outcome of this case. In Utsch, shortly after their marriage, husband transferred title of the marital residence from his sole name to that of himself and his wife as tenants by the entirety. Prior to the marriage, the residence was his sole and separate property. The deed that accomplished the transfer stated it was a "deed of gift" and as consideration stated "love and affection." Within the four corners of the deed, it also referenced Code § 58.1-811(D), the section exempting the transfer from recordation taxes as a gift.

The burden of proof that the transfer was a gift is upon the party seeking to establish the gift. No presumption of gift arises from the act of re-titling. Code § 20-107.3(A)(3)(g). Additionally, it is well settled that the law does not presume a gift and where a donee claims title to personal property by virtue of a gift *inter vivos*, the burden of proof rests upon him to show every fact and circumstance necessary to constitute a valid gift by clear and convincing evidence. Proof of donative intent, delivery and acceptance are necessary to sustain the burden. In this case, only donative intent is in controversy.

\* \* \* \* \* \* \*

Nowhere in Code § 20-107.3(A)(3)(f) is there a requirement of proof that a gift was intended for a particular purpose. The proof required under the statutory provision is simply that the transfer was a gift. As we have previously held in a case involving a grantor's intent in a deed, if the party intended the deed to be operative for one purpose, he must be taken to have intended it to be operative for all purposes apparent on its face.

Id. at 128-29, 581 S.E.2d at 508-09 (internal quotations and citations omitted).[1]  See also

Capozzella v. Capozzella, 213 Va. 820, 824, 196 S.E.2d 67, 70 (1973) (deed operative for one

purpose, operative for all purposes apparent on its face).

In the instant case, the deed clearly shows the husband's intent to retitle the property from

his sole and separate name, to the joint names of the parties.[2] It shows no compensation was

paid for wife's interest in the property, as it recites the consideration was a gift. It refers to Code

§ 58.1-810(3) which, when recordation taxes are paid on a prior deed, exempts a subsequent

---

[1] Code § 20-107.3(A)(3)(f) provides:

When separate property is re-titled in the joint names of the parties, the retitled property shall be deemed transmuted to marital property. However, to the extent the property is retraceable by a preponderance of the evidence and was not a gift, the retitled property shall retain its original classification.

[2] While the deed lists both "JACK M. PARRISH, III AND DIANE D. PARRISH" as grantors, it was stipulated that the marital home was husband's separate property before the refinance.

deed from further recordation taxes if the husband and wife are the only parties to the deed. The transfer by husband to wife was voluntary and made in order to refinance the property, a benefit to both husband and wife. As the Supreme Court instructed us in Utsch, "[f]ailure to recognize the applicability of the parol evidence rule in this context would result in unacceptable uncertainty in the law." 266 Va. at 129, 581 S.E.2d at 509.

Cirrito v. Cirrito, 44 Va. App. 287, 605 S.E.2d 268 (2004), relied on by appellant, is distinguishable from this case. The evidence in Cirrito showed the properties in question were purchased with husband's separate funds and jointly titled as a protection against creditors. The deeds did not include language that specifically addressed the intent of the husband to gift the properties nor was there any reference to a particular code section applicable to real estate transfers by gift or between husband and wife. The applicability of the parol evidence rule was not the issue in Cirrito. Rather, that case involved a factual determination that the wife did not meet her burden of proof to prove a gift and a credibility review of the parol evidence admitted.

The deed here was clear and unambiguous on its face. We therefore hold that the trial court did not err in refusing to admit parol evidence, as the nature of the gift can be determined within the four corners of the deed.

### III. ATTORNEY'S FEES

Husband next contends the trial court erred in granting attorney's fees to wife.

"An award of attorney's fees is a matter submitted to the sound discretion of the trial court and is reviewable on appeal only for an abuse of discretion." Northcutt v. Northcutt, 39 Va. App. 192, 200-01, 571 S.E.2d 912, 916 (2002) (citing Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987)). "The key to a proper award of counsel fees is reasonableness under all the circumstances." Id. (citing Joynes v. Payne, 36 Va. App. 401, 429, 551 S.E.2d 10, 24 (2001) (citing McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985))).

Appellee filed at least two motions to compel, two petitions to show cause, and a motion for sanctions. The record shows the discovery process was long and difficult and due, mostly, to appellant's failure to comply. A review of the record supports the trial court's award.

Accordingly, we affirm the trial court's ruling.

<u>Affirmed.</u>