ELDER, J., with whom BUMGARDNER, CLEMENTS and McCLANAHAN, JJ.,
join, dissenting.
I disagree with the majority. The record reflects wife expressly argued to the trial court that husband gifted to her the trust funds deposited into their joint checking account. Further, I believe the evidence is sufficient to support a finding that husband made a gift of his trust fund money to wife and that the trial court’s ruling constituted a finding to that effect. Thus, I would affirm the trial court’s decision, and I respectfully dissent.
The parties married on November 22, 1999, and on December 15, 1999, they opened a joint checking and a joint savings account. Husband’s monthly trust income was electronically deposited into the joint checking account. Husband admitted on deposition that “it was [his] intent that [wife] would be co-owner of the [parties’ joint checking] account.” (Emphasis added). The parties placed excess amounts from the joint checking account into the joint savings account, and they made all purchases and paid all bills from these accounts. Despite receiving approximately $50,000 per month from his trust fund, husband had never had a savings account and was heavily in debt at the time of the parties’ marriage. Wife testified it “was a given” that she would handle the trust funds during the parties’ marriage, and she wrote almost all the *673 checks from the account during the marriage. When the parties purchased the marital residence, they did so with funds from the joint savings account, with the exception of a cash advance on wife’s credit card, which debt was subsequently paid with money from husband’s trust fund. Wife cosigned the note for the property. Wife also co-signed for the purchase of the automobiles the parties bought during their marriage. Husband conceded that he could not have financed the purchase of the home alone because of his poor credit history and that wife could not have purchased the property or vehicles alone because she lacked sufficient income.
Husband argued as follows:
[Wife] never testified that [husband] intended to make a gift to her of those sums of money. Simple retitl[ing] in and of itself is not evidence of an intent to change unless it was a gift, and [wife] never testified it was a gift. She never testified it was done with an intent, never testified of any discussions.
sk * sjc sfc % £
... [Husband] testified it was for convenience purposes, the checking account so she could write the checks and the savings account because the bank said you have to have them the same way. If the Court believes that testimony, then we stop there. It’s his separate property.
(Emphasis added).
Wife responded, “There is a direct conflict in the testimony between [husband] and [wife],” and “[wife’s] credibility is firm.” Wife disputed husband’s position, expressly arguing to the court that
the way the money was handled would allow the Court to infer intent on [husband’s] part to make a gift.
Every month, the money is put into a joint checking account. [Wife] has the power to write checks for the entire amount. [Wife] could have gone to the bank and withdrawn [the entire balance], and she would have been entitled to do that. She had the right to exercise complete control over his accounts and she did so. The evidence was she paid *674 most bills. Now, in light of those circumstances, Judge, I think the Court should consider finding these transferred from separate into marital____
The trial court expressly “accept[ed]” wife’s proposed classifications of the disputed property. It also noted that although husband successfully retraced the sums contributed from his trust fund, “the parties considered [those sums] as their income.” (Emphasis added). The trial court treated those sums “as if [husband] was actually earning that money.” On the issue of “distributing the marital property,” the court “[found] that while [husband] clearly made all or almost all of the monetary contributions to the marriage, [wife] did make significant nonmonetary contributions.” It divided evenly between the parties the marital residence and joint accounts.
Husband filed a motion to reconsider, arguing the court erred in classifying as marital the funds he had retraced to his separate property. The trial court denied the motion, reasoning that although the trust funds
came into the marital partnership as separate propertyU ... [wife] contributed significantly to the “maintenance” and “preservation” of the asset. It was, and still is, my belief that there would have been no asset to divide but for the efforts of [wife,] and I think she should be entitled to share in the same to the extent ordered in the court’s ruling.
On appeal,
“we view [the] evidence and all reasonable inferences in the light most favorable to the prevailing party below____” The trier of fact ascertains [witnesses’] credibility, determines the weight to be given their testimony, and has the discretion to accept or reject any of the [witnesses’] testimony[, in whole or in part].
Street v. Street, 25 Va.App. 380, 387, 488 S.E.2d 665, 668 (1997) (en banc) (quoting Martin v. Pittsylvania County Dep’t of Soc. Servs., 3 Va.App. 15, 20, 348 S.E.2d 13, 16 (1986)). The trial court is presumed to know and properly apply the law “absent clear evidence to the contrary in the record.” Yarbor *675 ough v. Commonwealth, 217 Va. 971, 978, 284 S.E.2d 286, 291 (1977).
In making an equitable distribution award, the trial court must classify disputed property as separate, marital, or hybrid property and must value and divide property as requested by the parties. See Stumbo v. Stumbo, 20 Va.App. 685, 693, 460 S.E.2d 591, 595 (1995). However, beyond these basic requirements, the trial court need not make specific findings of fact to support the equitable distribution. As long as the record supports the result, the court need not quantify the weight it gave to each factor. E.g. Marion v. Marion, 11 Va.App. 659, 664, 401 S.E.2d 432, 436 (1991). Compare Code § 20-107.1 (requiring, inter alia, that “[i]n contested cases in the circuit courts, any order granting, reserving or denying a request for spousal support shall be accompanied by written findings and conclusions of the court identifying the factors in subsection E which support the court’s order”).
“If [a] party claiming a separate interest in ... transmuted property proves retraceability,” as husband did here, “the burden shifts to the other party to prove that the transmutation of the separate property resulted from a ‘gift.’ ” von Raab v. von Raab, 26 Va.App. 239, 248, 494 S.E.2d 156, 160 (1997). The party claiming the existence of a gift must prove by clear and convincing evidence “(1) intention on the part of the donor to make a gift; (2) delivery or transfer of the gift; and (3) acceptance of the gift by the donee.” Theismann v. Theismann, 22 Va.App. 557, 566, 471 S.E.2d 809, 813, aff'd on reh’g en banc, 23 Va.App. 697, 479 S.E.2d 534 (1996). Per Code § 20-107.3(A)(3)(g), “no presumption of gift arises from the fact that the property was retitled.” Id. at 565, 471 S.E.2d at 813. Thus, evidence of joint titling, standing “alone, ... is insufficient proof of a gift,” but proof “that property is jointly titled must be considered by the trial court in determining if a gift was made.” Rowe v. Rowe, 24 Va.App. 123, 137, 480 S.E.2d 760, 766 (1997).
The majority focuses on husband’s argument that wife failed to prove the first element—that husband had the requisite *676 donative intent. Donative intent, like any other type of intent, may be proved by circumstantial evidence, see, e.g., Servis v. Commonwealth, 6 Va.App. 507, 524, 371 S.E.2d 156, 165 (1988), such as a person’s conduct and statements, see Polk v. Commonwealth, 4 Va.App. 590, 594, 358 S.E.2d 770, 773 (1987). I believe this is merely “a standard of review case,” see Cirrito v. Cirrito, 44 Va.App. 287, 305, 605 S.E.2d 268, 277 (2004), and that the evidence, viewed in the light most favorable to wife, supports the trial court’s implicit finding, by clear and convincing evidence, that husband acted with the requisite intent to gift to wife the trust funds deposited in the parties’ joint checking account.
Although husband claimed at trial he had wife’s name put on the joint checking and savings accounts merely for purposes of convenience, he also testified he did so with the “intent that [wife] would be co-owner of the [parties’ joint checking] account.” (Emphasis added). The trial court was entitled to reject husband’s testimony that he made wife a co-owner of the property solely for convenience and to conclude that, by doing so, he gifted to her the contents of that account. See also Utsch v. Utsch, 266 Va. 124, 128-29, 581 S.E.2d 507, 509 (2003) (stating that evidence need only establish that the transfer was a gift and not “that a gift was intended for a[ny] particular purpose”). But see Cirrito, 44 Va.App. at 306, 605 S.E.2d at 277 (concluding that quoted language from Utsch was dicta). Nothing in the relevant statutes or case law requires that the trial court’s rejection of husband’s testimony or finding of a gift had to be express or employ any “magic words” as long as clear and convincing evidence supported its classification of the property as marital. Because the evidence supported a finding that husband made a gift to wife of the trust funds deposited in the joint checking account, the evidence supported a finding that the home and cars, purchased with funds from the joint accounts, were marital, as well.
Although the trial court referred to husband’s monetary and wife’s non-monetary contributions to the marriage, nothing in the record compels the conclusion that it considered these contributions as relevant to anything other than how to divide *677 the property it had concluded was marital. Statements by the trial court in making the equitable distribution and denying husband’s motion for reconsideration to the effect that wife’s efforts to control husband’s spending habits resulted in their accumulating savings of approximately $244,000 do not compel a different result. The trial court did not state that this was the basis for its classification ruling, and this information was clearly relevant to its determination of how much of a share of the particular marital asset wife was entitled to receive.
For these reasons, I would affirm the trial court’s award, and I respectfully dissent.