COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Alston and Senior Judge Coleman


WAYNE WALTER FRYE

                                                            MEMORANDUM OPINION[*]
v.      Record No. 1829-10-4                                      PER CURIAM
                                                                  MAY 3, 2011
SHARON LYNN BARB FRYE


                FROM THE CIRCUIT COURT OF SHENANDOAH COUNTY
                            Dennis L. Hupp, Judge

            (Bradley G. Pollack, on brief), for appellant.  Appellant submitting
            on brief.

            No brief for appellee.


        Wayne Walter Frye (husband) appeals an equitable distribution award.  Husband argues that

the trial court erred by (1) awarding Sharon Lynn Barb Frye (wife) an equal interest in the supposed

increase in value of husband's house during and after the period of debt reduction and (2) holding

that the August 25, 1993 deed of the 6.945 acres from the parties to husband did not convert the

property into husband's separate property.  Upon reviewing the record and opening brief, we

affirm the trial court's decision in part, reverse in part, and remand this case to the trial court for

further proceedings consistent with this opinion.

                                       BACKGROUND

        Husband and wife married on July 1, 1978, and separated in June 2008.  Wife filed a

complaint for divorce on June 9, 2009, and husband subsequently filed an answer.  The trial

court held hearings on October 8, 2009 and March 19, 2010 regarding the grounds for divorce

and equitable distribution.

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The trial court issued a letter opinion on April 23, 2010. It granted the divorce to wife based on living separate and apart for more than one year and equally divided the marital property, including the real estate. The trial court found that prior to the marriage, husband acquired the land on which the marital residence was built, but incorrectly held that the house was built during the marriage. The trial court found that the land on which the house was built was husband's separate property. It equally divided the value of the house. In addition, the trial court held that the parties owned as tenants by the entirety an unimproved tract of land and that each party had an equal interest in the land. The trial court gave husband the option of purchasing wife's interest in the unimproved tract of land, conveying his portion of the tract to wife for a credit against her share of the marital residence, or selling the land.

Husband asked the trial court to reconsider its opinion regarding the division of the real estate,[1] and the trial court issued a second letter opinion on July 30, 2010. The trial court corrected its error and found that the marital residence was already built on the land when husband purchased it in 1977, prior to the parties' marriage. The trial court found that "[o]nly eight (8) months elapsed between the date of purchase and the date of marriage. The indebtedness was paid off over a period of 240 months (20 x 12). Hence I must find that only 3.3% of the real estate value is the separate property of the husband, and 96.7% thereof is marital." The trial court assumed that since the parties were married when the majority of the loan was paid, "absent proof otherwise, I must find that the indebtedness was retired with marital funds." Accordingly, the trial court increased wife's interest in the real estate to include the land on which the marital residence was built.

---

[1] Husband also asked the trial court to reconsider its ruling regarding a bank account, but that is not an issue on appeal.

Furthermore, husband presented a deed dated August 25, 1993, in which the parties conveyed the unimproved tract of land to husband. The trial court acknowledged the deed, which conveyed the land to husband; however, the trial court upheld its previous ruling that the land was marital because, according to the deed, the transfer was "made for estate purposes pursuant to Virginia Code § 64.1-16.1." The trial court held that the conveyance did not "affect[] equitable distribution or classification upon divorce." Since the land was in husband's name only, the trial court did not order that the land be sold; however, husband still had to either pay wife for her share or transfer the land to wife and receive a credit.

The trial court entered the final divorce decree on July 30, 2010. Husband again requested the trial court to reconsider its opinion regarding the real estate. The trial court "decline[d] further reconsideration" of the issues. This appeal followed.

ANALYSIS

Marital residence

Husband argues that the trial court erred in awarding wife an equal interest in the increase in value of the marital residence during and after the period of debt reduction.

In November 1977, husband acquired the real estate and house, which became the marital residence.[2] The purchase price was $26,000, all of which husband financed. The parties were married eight months later in July 1978. The debt was paid off during the marriage. The trial court found that the value of the marital residence was $136,700 at the time of the trial and that the marital interest was approximately $132,200, assuming that husband paid the mortgage for the first eight months with his separate funds and marital funds were used to pay the mortgage for the remainder of the twenty-year loan. The trial court ruled that wife was entitled to fifty percent of the marital interest, or $66,100.

---

[2] The property was titled in husband's name only.

- 3 -

Husband objected to the ruling and argued that wife was not entitled to fifty percent of the value of the marital residence because she did not contribute to the increase in value of husband's separate property. Husband contends wife did not meet her burden of proof showing that her contributions or marital contributions, including the payment of the mortgage, increased the value of the house.

The facts in this case are similar to those in Duva v. Duva, 55 Va. App. 286, 685 S.E.2d 842 (2009). In Duva, husband purchased real estate five months before the marriage. Id. at 292, 685 S.E.2d at 845. The parties used marital funds to pay the mortgage. Id. The trial court concluded that the real estate was marital property because the property was "transmuted to marital property" when the mortgage was paid with marital funds. Id. at 292, 685 S.E.2d at 845-46. However, this Court remanded the matter to the trial court and explained:

> Under Code § 20-107.3(A)(3)(d), the marital funds, by paying the mortgage on the separate property, were commingled with the Rhode Island property (the receiving property) and were transmuted into the separate property. The burden would then be on the wife [the non-owning spouse] to trace the contribution for the marital funds to retain the classification of marital property.
>
> \* \* \* \* \* \* \*
>
> [T]he trial court did not consider marital funds losing its classification as marital property when commingled with the receiving property. It did not consider whether wife traced the marital funds. Thus, the trial court applied the incorrect standard in determining whether the property is separate, marital, or hybrid. In that respect, we find the trial court erred.

Id. at 294-95, 685 S.E.2d at 846-47.[3]

---

[3] Code § 20-107.3(A)(3)(d) states:

> When marital property and separate property are commingled by contributing one category of property to another, resulting in the loss of identity of the contributed property, the classification of the contributed property shall be transmuted to the category of property receiving the contribution. However, to the extent the

Here, the trial court also used the wrong standard in classifying the property as marital and did not consider whether the marital funds used to pay the mortgage lost their classification as marital when they were commingled with husband's separate property. The trial court assumed that because the parties were married when the mortgage was paid off, "the indebtedness was retired with marital funds." However, according to <u>Duva</u>, wife should have traced those funds; otherwise, the trial court could have concluded that the marital property lost its classification when it commingled with husband's separate property. There is no evidence that wife traced the funds.

Accordingly, this issue is remanded to the trial court.

### Unimproved tract of land

Husband argues that the trial court erred in holding that the deed transferring the 6.945 acres from the parties to husband did not convert the property into husband's separate property. On July 13, 1988, the parties acquired 6.945 acres of unimproved land in Shenandoah County. On August 25, 1993, the parties signed a deed whereby they transferred the property to husband, in his name only. The deed states, "The said Sharon B. Frye, by her signature hereto, joins voluntarily as the present spouse (and potential surviving spouse) of Wayne W. Frye for the purpose of establishing the written consent and joinder referred to in Title 64.1-16.1, Code of Virginia, 1950, as amended."

Initially, the trial court held that the property was marital property, since the parties owned the property as tenants by the entirety, and that the parties had an equal interest in the land. Husband argued that the land was not marital property because of the August 1993 deed.

---

contributed property is retraceable by a preponderance of the evidence and was not a gift, such contributed property shall retain its original classification.

In its July 30, 2010 letter opinion, the trial court held that the land was marital property because the "referenced deed recites that the conveyance is made for estate purposes pursuant to Virginia Code § 64.1-16.1." Although the property was transferred into husband's name only, the transfer "does not defeat the wife's marital interest, since a gift made by one party to the other during the marriage is still marital property." The trial court held that wife's interest in the land was $13,900, or one-half of its value.

Husband argues that the deed's reference to Code § 64.1-16.1 "appears to be boilerplate," and the August 1993 deed "clearly was not made for estate purposes." Furthermore, he points to the first paragraph of the deed, which transfers the property to "WAYNE W. FRYE, separated by [sic] not divorced," as evidence that the parties intended to transfer the property to husband as his separate property. He asserts that since the property is no longer jointly owned, and there is a deed showing that the property is not jointly owned, it is not marital property pursuant to Code § 20-107.3(A)(2).[4]

"The burden of proof that the transfer was a gift is upon the party seeking to establish the gift by clear and convincing evidence." Cirrito v. Cirrito, 44 Va. App. 287, 303, 605 S.E.2d 268, 275-76 (2004) (citing Utsch v. Utsch, 266 Va. 124, 128, 581 S.E.2d 507, 508 (2003)).

> The principles that emerge from the cases addressing the classification of property which has been the subject of interspousal gift do not depend upon the classification of the source of the property but rather upon whether one party by clear and express language intended to give the asset as the other spouse's separate property or merely intended to make a gift during the marriage, which becomes marital property. Where the facts clearly and unambiguously support the conclusion that one of the parties has relinquished all right and interest in marital property and has transferred those rights unconditionally to the other, to the exclusion of the donor's continuing claim upon the property as a marital asset pursuant to Code § 20-107.3, a separate property right

---

[4] Code § 20-107.3(A)(2) states, "For purposes of this section marital property is presumed to be jointly owned unless there is a deed, title or other clear indicia that it is not jointly owned."

> will be found to exist. See Code § 20-107.3(A)(2) (stating that
> property acquired during the marriage by either spouse and before
> the last separation of the parties "is presumed to be marital
> property *in the absence of satisfactory evidence that it is separate
> property.*") (emphasis added)); McDavid v. McDavid, 19 Va. App.
> 406, 411-12, 451 S.E.2d 713, 717 (1994); Kaufman v. Kaufman, 7
> Va. App. 488, 496, 375 S.E.2d 374, 377 (1988). However, it is not
> enough to merely change legal title. See Garland v. Garland, 12
> Va. App. 192, 195, 403 S.E.2d 4, 6 (1991).

Kelln v. Kelln, 30 Va. App. 113, 122-23, 515 S.E.2d 789, 793-94 (1999).

Here, there was insufficient evidence to prove that wife intended to relinquish all of her rights in the property. According to the record before us, husband asked the trial court to reconsider its ruling that the property was marital based on the August 1993 deed.[5] As the trial court noted, the deed states that the transfer was made for estate purposes. See Utsch, 266 Va. at 129, 581 S.E.2d at 509 (holding that the language of the deed was unambiguous). The fact that the parties transferred the property into husband's name only is insufficient to classify the property as husband's separate property. In order to prove the gift, husband had to show wife's donative intent. The deed, by its language, shows the intent was to prevent the property from being included in husband's augmented estate under Code 64.1-16.1(B). Accordingly, the trial court did not err in holding that the property was not husband's separate property.

CONCLUSION

For the reasons discussed above, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

Affirmed in part,
reversed in part,
and remanded.

---

[5] Husband failed to file any transcripts in this matter. Husband filed a statement of facts, but it does not indicate what evidence, other than the deed itself, was presented to the trial court to show that wife relinquished all of her rights in the property.