COURT OF APPEALS OF VIRGINIA

Present:    Judges Huff,* AtLee and Ortiz
Argued by videoconference


REZA HAJIHA

                                                      MEMORANDUM OPINION** BY
v.        Record No. 1302-23-4                        JUDGE RICHARD Y. ATLEE, JR.
                                                           MARCH 11, 2025
COLLEEN LEYRER


              FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
                                James C. Clark, Judge

              Robert C. Eustice (The Law Offices of Robert C. Eustice, on briefs),
              for appellant.

              Katelin T. Moomau (Family First Law Group, PLLC, on brief), for
              appellee.


        This case returns after our second remand to the circuit court concerning the equitable

distribution of the parties' former marital residence.  Reza Hajiha (husband)[1] challenges the

circuit court's equitable distribution award.  He argues that the circuit court erred in considering

parol evidence of Colleen Leyrer's (wife) intent when she executed a deed of gift to husband.

For the following reasons, we reverse and remand the matter to the circuit court.

_____

        * Judge Huff participated in the hearing and decision of this case prior to the effective
date of his retirement on December 31, 2024.

        ** This opinion is not designated for publication.  *See* Code § 17.1-413(A).

        [1] We recognize that "former husband" and "former wife" are more accurate designations.
Nevertheless, we use these less cumbersome titles in this memorandum opinion for ease of
reference.

UNPUBLISHED

# I. BACKGROUND

On appeal, "we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." *Nielsen v. Nielsen*, 73 Va. App. 370, 377 (2021) (quoting *Congdon v. Congdon*, 40 Va. App. 255, 258 (2003)).

The parties married on May 1, 2010, and separated in April 2018. Husband filed for divorce in August 2018. The parties initially stipulated that they were joint owners of the marital home, located in Alexandria, Virginia. To buy the home, husband's family sent wife a $70,020 direct wire transfer notated as a "GIFT" in the transfer description. Wife then purchased the former marital residence five months before she and husband married using that transfer and $39,073 of her own funds. Husband paid the $5,000 earnest money deposit from his separate funds.

After they married, wife retitled the property in both parties' names through a "Deed of Gift." Following their separation, wife continued to live in the former marital residence and made monthly mortgage payments.

During the 2019 divorce trial, husband asked the circuit court to divide in half the marital share in the home and to classify the $70,020 as husband's separate contribution; wife argued that the $70,020 was her separate property traceable to her. In the parties' final divorce decree, the circuit court ordered that husband was entitled to $137,902 as his share of the equity in the marital home. The circuit court did not explain how the parties' contributions to the marital home were classified or how it calculated husband's share of the equity.

Wife appealed to this Court,[2] arguing that the circuit court had improperly traced her separate property interest in the marital home. She also asserted that the circuit court had failed to state how it had classified the various contributions to the property and calculated husband's

---

[2] While the appeal was pending, the parties sold the former marital residence for $695,000.

share of the equity. This Court reversed the circuit court's judgment and remanded the case "for clarification as to how [the circuit court had] classified the contributions and how it calculated the amount of husband's share." *Leyrer v. Hajiha*, No. 0502-20-4, slip op. at 4 (Va. Ct. App. Dec. 22, 2020) (order).

On remand, the circuit court held that the $5,000 earnest money deposit and $70,020 in funds transferred from husband's family to wife's account were husband's separate property. It also determined that the $39,073 wife added to the down payment and the $38,282.48 she paid in post-separation mortgage payments were her separate property. Considering these separate property interests, the circuit court determined that husband's total share in the equity of the former marital residence was approximately $152,400. The circuit court, however, also found that wife's monetary and nonmonetary contributions to the household during the marriage "significantly exceeded those of husband." Based on that finding, the circuit court had found it "equitable" to increase wife's marital share of the former marital residence. The circuit court stated that it did "not have a specific recollection" of how it chose the $137,902 figure as husband's share but noted that it had made "a conscious decision to reduce husband's share by approximately $15,000.00 in an effort to achieve an equitable division of the parties' property."

Wife again appealed, arguing that the circuit court erred by improperly classifying the funds husband's father transferred to wife's bank account before the parties' marriage as husband's separate property. Citing Code § 20-107.3(A)(1)(i), this Court held that the circuit court erred when it classified the $70,020 contribution to the down payment on the marital residence as husband's separate property instead of wife's separate property. *Leyrer v. Hajiha*, No. 0585-21-4 (Va. Ct. App. Jan 18, 2022). We also noted, however, that once a party claiming a separate interest proved retraceability, "the burden shifts to the other party to prove that the transmutation of the separate property resulted from a 'gift.'" *Id.* at 9 n.5 (quoting *von Raab v.*

- 3 -

*von Raab*, 26 Va. App. 239, 248 (1997)). We expressed no opinion as to whether such a finding was appropriate on remand. *Id.* We reversed the equitable distribution award in its entirety and remanded the case for reconsideration.

Following the second remand, the parties stipulated that they agreed with the circuit court's earlier equitable distribution award, except for the division of proceeds from the sale of the former marital residence. Husband acknowledged that the $109,093 wife contributed to the down payment was her separate property. Husband argued, however, that wife donated her separate property interest of $109,093 through the deed of gift, so it was joint marital property.[3] Husband offered the deed of gift as evidence. Wife objected that husband had failed to move to reopen the case to present new evidence. The circuit court admitted the deed of gift over wife's objections.

The deed listed wife as the grantor and both husband and wife as the grantees. The deed described the transfer "[a]s a [g]ift, and not for consideration." It also stated that it was exempt from recordation taxes under Code § 58.1-811(D).[4] Husband testified that he jointly owned the former marital residence with wife until its sale. He acknowledged that during the marriage, wife also owned separate properties solely in her name. Moreover, each party had separate bank accounts, in addition to a joint account. Husband testified that wife was responsible for their finances, and he was unsure from which account she paid the mortgage. Wife testified that she spent approximately $15,000 preparing the former marital residence for sale; husband did not

---

[3] Husband does not dispute that wife's post-separation mortgage payments were her separate property.

[4] "No recordation tax shall be required for the recordation of any deed of gift between a grantor or grantors and a grantee or grantees when no consideration has passed between the parties." Code § 58.1-811(D).

pay any of the expenses. Wife did not testify about her intent in transferring the property in the deed of gift.

After the hearing, both parties submitted written closing arguments. Husband contended that the deed of gift plainly and unambiguously stated that wife's transfer was a gift to the parties' marital estate. As such, the $109,093 that wife contributed to the purchase transmuted into marital property. Husband acknowledged wife's payment of $45,058.22 towards the mortgage after the separation was her separate property, and husband's $5,000 towards the down payment was his separate property. Husband concluded that under the *Brandenburg* factors,[5] after providing each party their separate property interest in sales proceeds from the former marital residence, and then dividing the marital portion of the equity equally between the parties, he was entitled to $142,566, and wife was entitled to $206,364.57.

Wife argued that the only issue for the circuit court to consider following the second remand was the disputed $70,020 gift from husband's father to wife before the marriage. Wife asserted that the circuit court should not have permitted husband to present a wholly new legal argument based on the deed of gift. Alternatively, wife contended that even considering the deed of gift, it did not prove that the transfer was a gift. Citing Code § 20-107.3(A)(3)(h),[6] wife argued that there was no presumption of a gift simply because she retitled existing property to joint ownership. Moreover, wife alleged that the deed of gift did not include language showing any intent to gift her separate property to husband. Wife concluded that there was no evidence of an intent to gift the marital residence to the marriage by either party.

---

[5] *See Hart v. Hart*, 27 Va. App. 46, 65 (1998) (using the formula established in *Brandenburg v. Brandenburg*, 617 S.W.2d 871 (Ky. Ct. App. 1981), to calculate the portion of equity traceable to a separate contribution).

[6] "No presumption of gift shall arise . . . where . . . existing property is conveyed or retitled into joint ownership." Code § 20-107.3(A)(3)(h).

After considering the parties' arguments, the circuit court found the deed of gift was admissible evidence within this Court's mandate on remand for "further proceedings" regarding equitable distribution. The circuit court held, however, that the deed of gift established only that wife had transferred the title; it did not indicate her donative intent. The circuit court found that "the transfer by purported deed of gift, particularly in light of [wife]'s past real estate transactions, is at least as indicative of an intention to simply avoid recordation tax . . . rather than make a gift of [w]ife's separate interest." The circuit court also credited wife's prior testimony that husband did not contribute his share financially to the marriage. The circuit court held that "despite evidence that the origin of the $70,020 . . . was from [h]usband's father," it could not find by clear and convincing evidence that wife intended to gift it to husband as part of retitling the former marital residence.

In an "Amended Order Regarding Proceeds of Home," the circuit court determined the net equity subject to division was $348,931. The circuit court ordered that husband's share of the net equity was $53,675 and wife's share was $295,256. Husband now appeals. Wife also raises multiple issues in her assignments of cross-error.

## II. ANALYSIS

On appeal, husband argues that the circuit court erred by finding that the deed of gift did not transmute wife's traceable separate property interest into marital property. He also disputes some of the circuit court's factual findings.

In her assignments of cross-error, wife argues that the circuit court exceeded the scope of this Court's remand by reviewing other aspects of the equitable distribution award. She argues that the circuit court should have limited its review to the impact of classifying the $70,020 as her separate property. She also argues that the circuit court erred by opening the record and allowing husband to present new evidence, claims, and legal theories, including the deed of gift.

Because a resolution of the issues raised by wife would be determinative of husband's assignment of error, we address them first.

A. *Wife's Assignments of Cross-Error*

In her cross-assignments of error, wife argues the circuit court erred by disregarding its prior discovery order barring husband from introducing new evidence, exceeding the scope of remand, and permitting husband to present new claims and legal theories barred by various legal doctrines such as res judicata and the law of the case doctrine. We address each of these arguments in turn.

1. Discovery Order and New Evidence

An appellate court reviews a trial court's decision about the admissibility of evidence for abuse of discretion. *Lucas v. Riverhill Poultry, Inc.*, 300 Va. 78, 92 (2021). Although the trial court has discretion, it is not "free to simply act in any way it may deem desirable under the circumstances." *Id.* Rather, "the circuit court 'has a range of choice, and . . . its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law.'" *Id.* at 93 (quoting *Landrum v. Chippenham & Johnston-Willis Hosps., Inc.*, 282 Va. 346, 352 (2011)). It is well settled that "trial courts have the authority to interpret their own orders." *Fredericksburg Constr. Co. v. J.W. Wyne Excavating, Inc.*, 260 Va. 137, 144 (2000); *see also Rusty's Welding Serv., Inc. v. Gibson*, 29 Va. App. 119, 129 (1999) (en banc).

Following a discovery dispute during the 2019 divorce trial, the circuit court barred husband from producing any additional documents, information, or witnesses that he had not provided to wife on or before November 14, 2019. Wife contends this order remained in effect following remand and that the circuit court wrongly disregarded it when the court permitted husband to enter the deed of gift into evidence. We find wife's argument unavailing.

The order wife relies on governed the original 2019 trial proceedings. Before the second trial, the circuit court issued a uniform pretrial scheduling order that confirmed discovery was authorized and set new discovery deadlines. Both parties engaged in additional discovery under the second scheduling order. In her brief, wife alleges no prejudice or surprise by husband introducing the deed of gift. Based on this record, we find no abuse of the circuit court's broad discretion in admitting and considering relevant evidence.

2. Mandate Rule and the Scope of Remand

"[T]he 'mandate rule' forecloses in the remand relitigation of matters decided expressly or impliedly by the appellate court and relitigation of matters addressed by the trial court, but not addressed on appeal." *West v. West*, 59 Va. App. 225, 233 (2011). Wife contends that the circuit court exceeded the scope of our remand.

In vacating the prior equitable distribution award, we held that under Code § 20-107.3(A)(3)(f), "when separate property is retitled in the joint names of the parties, as it was here, the retitled property is transmuted to marital property, unless the property can be sufficiently retraced to separate property and was not a gift." *Leyrer*, No. 0585-21-4, slip op. at 9 n.5. We held that wife sufficiently retraced the $70,020 as her separate property. *Id.* We further noted, however, that if the party "proves retraceability, the burden shifts to the other party[, in this case husband,] to prove that the transmutation of the separate property resulted from a 'gift.'" *Id.* We expressly declined to "express any opinion as to whether, on remand, such a finding is appropriate under the proper standard." *Id.* The scope of the mandate on remand required the circuit court to consider whether the parties could trace their separate property and establish that any claimed transmutation was "from a 'gift.'" That is exactly the argument husband made and the circuit court considered. We find no violation of our mandate under the circumstances of this case.

3. Legal Doctrines

Wife argues that the circuit court erred by allowing husband to present new claims and legal theories that were "barred by applicable doctrines such as the law of the case, . . . res judicata, and issue or claim preclusion.

a. Res Judicata

A party whose claim "is decided on the merits by a final judgment, is forever barred from prosecuting any second or subsequent civil action against the same opposing party . . . on any claim or cause of action that arises from that same conduct . . . or occurrence." Rule 1:6(a). "Whether an action is precluded by res judicata is a question of law that this Court reviews de novo." *Kellogg v. Green*, 295 Va. 39, 44 (2018).

"Res judicata involves both issue and claim preclusion." *Funny Guy, LLC v. Lecego, LLC*, 293 Va. 135, 142 (2017). "The party seeking to assert the defense of res judicata as a bar 'must show by a preponderance of the evidence that the claim or issue should be precluded by the prior judgment.'" *Kellogg*, 295 Va. at 44 (quoting *Caperton v. A.T. Massey Coal Co.*, 285 Va. 537, 548 (2013)). Thus, a prerequisite for the application of res judicata is a final judgment. *Cf. id.* at 45 ("[A] prerequisite for claim preclusion is a final judgment on the merits of a claim."); *Faison v. Hudson*, 243 Va. 413, 419 (1992) ("A judgment sought to be used as the basis for the application of the doctrine must be a final judgment.").

No such final judgment precluded husband from presenting new evidence or claims following our remand. On wife's prior appeal, we *vacated* the circuit court's equitable distribution award in its entirety. *Leyrer*, No. 0585-21-4, slip op. at 10. "It would be manifestly unfair, therefore, to hold that a judgment which no longer is final could operate as a bar to the prosecution of the present case." *Faison*, 243 Va. at 419 (holding that an order that had been

reversed and remanded on appeal could not support a res judicata claim).  Wife's argument

misapprehends our previous order.

        b.  Law of the Case

The 'law of the case' doctrine is well-established.  *Miller-Jenkins v. Miller-Jenkins*, 276

Va. 19, 26 (2008).  Pursuant to this doctrine, where

> there have been two appeals in the same case, between the same
> parties, and the facts are the same, nothing decided on the first
> appeal can be re-examined on a second appeal.  Right or wrong, it
> is binding on both the trial court and the appellate court, and is not
> subject to re-examination by either.  For the purpose of that case,
> though only for that case, the decision on the first appeal is the
> law.

*Id.* (quoting *Steinman v. Clinchfield Coal Corp.*, 121 Va. 611, 620 (1917)).  This means that if a

party fails to challenge a decision made at one stage of the litigation, it cannot "challenge that

decision during later stages of the 'same litigation.'"  *Id.*

Wife argues that husband has changed his position during litigation, and points to prior

rulings that husband did not challenge during the course of litigation.  We find this doctrine

inapplicable.  On the first appeal, we remanded because we were unable to determine how the

circuit court ruled on the classification of contributions and calculation of shares.  Thus, we

cannot say that there was a clear ruling that husband should have challenged.  Though husband

did not appeal after clarification on remand, wife did, and we vacated the entire equitable

distribution award.  Husband cannot, and does not, challenge our ruling that wife was able to

retrace the $70,020 as her separate property.  He argues only that wife's separate property was

transferred into marital property by deed of gift, which is a separate argument.  Thus, we find

that the doctrine does not apply.

B. *Husband's Assignments of Error*

  1. Deed of Gift

    We now turn to husband's argument challenging the circuit court's equitable distribution award.[7] Husband acknowledges our holding that wife proved the traceability of the $70,020. But he argues that he met his burden of proving that wife gifted her separate interest into the property to the marriage via the deed of gift.

    "On appeal, a trial court's equitable distribution award will not be overturned unless the Court finds 'an abuse of discretion, misapplication or wrongful application of the equitable distribution statute, or lack of evidence to support the award.'" *Wiencko v. Takayama*, 62 Va. App. 217, 229-30 (2013) (quoting *McIlwain v. McIlwain*, 52 Va. App. 644, 661 (2008)). Because "the trial court's classification of property is a finding of fact, that classification will not be reversed on appeal unless it is plainly wrong or without evidence to support it." *David v. David*, 64 Va. App. 216, 221 (2015) (quoting *Ranney v. Ranney*, 45 Va. App. 17, 31-32 (2005)). But we review "pure questions of law concerning statutory interpretation . . . de novo." *Gilliam v. McGrady*, 279 Va. 703, 708 (2010).

    Code § 20-107.3 establishes the circuit court's authority, and the procedure it must follow, to make an equitable distribution of joint property in a divorce action. If the parties' separate properties are comingled with joint property, they are reimbursed for the separate property, so long as it can be traced to separate property and it "was not a gift" to the other spouse. Code § 20-107.3(A)(3)(g). "[T]o establish the existence of a gift, [husband] was

---

[7] Wife argues that husband did not preserve this argument because he did not contemporaneously object to the admission of the evidence that he contends is parol evidence. That evidence, however, was relevant, and thus admissible, to other aspects of the equitable distribution award. Husband did in fact argue during the second trial, when the deed of gift was at issue, that "[i]f you have an unambiguous deed that states that it is a deed of gift, you don't have to look at anything else. That's it. There should be no parol evidence brought in as to what was the intent."

required to prove, by clear and convincing evidence '(1) the intention on the part of the donor to make the gift; (2) delivery or transfer of the gift; and (3) acceptance of the gift by the donee.'" *Monds v. Monds*, 68 Va. App. 674, 688 (2018) (quoting *Robinson v. Robinson*, 46 Va. App. 652, 665 (2005) (en banc)); *see also Utsch v. Utsch*, 266 Va. 124, 128 (2003). The act of retitling property jointly with another individual does not create a presumption of gift. *Utsch*, 266 Va. at 128; *see also* Code § 20-107.3(A)(3)(h). Donative intent "is a question to be determined by the fact finder." *Cirrito v. Cirrito*, 44 Va. App. 287, 305 (2004). But where the deed is "unambiguous on its face, both for the purpose of retitling and proof of donative intent, parol evidence surrounding its execution [is] not admissible" to prove a contrary intent. *Utsch*, 266 Va. at 127.

In *Utsch*, shortly after their marriage, the husband transferred title of the marital residence, which had been his sole and separate property, from his sole name to that of himself and his wife as tenants by the entirety. *Utsch*, 266 Va. at 126. The deed that accomplished the transfer stated it was a "deed of gift" and as consideration stated, "love and affection." *Id.* The deed of gift referenced to Code § 58.1-811(D). *Id.* The Supreme Court held that because "the deed was unambiguous on its face" parol evidence concerning its execution was inadmissible. *Id.* at 129. The Supreme Court further held that "[t]he deed not only shows by clear and convincing evidence the intent to jointly title the marital residence, but it also shows the donative intent of Husband in making the transfer." *Id.*

We likewise hold that the deed of gift before us is unambiguous on its face and that the parol evidence was inadmissible. The deed of gift clearly and unambiguously states that it was being made by wife to husband "[a]s a Gift, and not for consideration." As in *Utsch*, the deed of gift referred to Code § 58.1-811(D) which provides that no recordation tax need be paid when no consideration passes between the parties, and the deed must state that it is a deed of gift.

- 12 -

"Failure to recognize the applicability of the parol evidence rule in this context would result in unacceptable uncertainty in the law." *Utsch*, 266 Va. at 129. Thus, the circuit court erred in considering additional evidence of wife's intent in violation of the parol evidence rule. "The deed not only shows by clear and convincing evidence the intent to jointly title the marital residence, but it also shows the donative intent of [wife] in making the transfer." *Id.* We therefore vacate the circuit court's order, and remand for further consideration consistent with this opinion.

2. Findings of Fact

"We give 'great deference' to the trial court's factual findings." *Andrews v. Creacey*, 56 Va. App. 606, 619 (2010) (quoting *Blackson v. Blackson*, 40 Va. App. 507, 517 (2003)). "On appeal, we will not reverse findings of fact 'unless plainly wrong.'" *Budnick v. Budnick*, 42 Va. App. 823, 834 (2004) (quoting *Gilman v. Gilman*, 32 Va. App. 104, 115 (2000)).

Husband alleges that the circuit court erred in finding that wife's separate property interest when she transferred the property to both parties was $70,020, and not $109,093. Although the circuit court stated in its letter opinion that wife's $70,020 remained separate property, the amended order correctly stated that wife's separate interest in the downpayment for the former marital residence was $109,093. "It is well-established that a court speaks only through its written orders." *S'holder Representative Servs., LLC v. Airbus Americas, Inc.*, 292 Va. 682, 690 (2016). To the extent the written order conflicted with the letter opinion, we presume that the order accurately reflects the circuit court's determinations. *Waterfront Marine Constr., Inc. v. N. End 49ers Sandbridge Bulkhead Grps. A, B & C*, 251 Va. 417, 427 n.2 (1996). Thus, the record does not support husband's argument.

Husband also argues that the circuit court erred in finding that the mortgage was only in wife's name. Husband correctly states that the parties refinanced the mortgage in both their

names and that the mortgage reflected both names when they sold the former martial residence. As wife points out, however, husband's argument misstates the circuit court's finding. The circuit court found that "[w]ife remained solely liable on the mortgage *during* their marriage and the evidence established that she paid the mortgage from her separate account"; in contrast, the circuit court stated that wife maintained "employment *throughout* the marriage." (Emphases added.) Regardless, the record shows that wife remained solely liable for the mortgage *during* the marriage, specifically the first 31 months before the refinance. Based on the record, we cannot say the circuit court was plainly wrong in its factual findings.

C. *Appellate Attorney Fees*

Finally, both parties request an award of appellate attorney fees and costs expended in this matter. The decision to award attorney fees and costs incurred on appeal is within the sound discretion of the appellate court. *See* Rule 5A:30; *O'Loughlin v. O'Loughlin*, 23 Va. App. 690, 695 (1996). The Court's decision is not limited to whether a party prevailed on appeal but considers whether the issues raised were "frivolous" and the equities of the case. *See Wright v. Wright*, 61 Va. App. 432, 470 (2013) (quoting *O'Loughlin*, 23 Va. App. at 695). Having thoroughly reviewed the record on appeal, we decline to award attorney fees in this matter.

### III. CONCLUSION

The circuit court erred by considering parol evidence in assessing wife's donative intent. Accordingly, we reverse the equitable distribution award in its entirety and remand the case for reconsideration consistent with this opinion. Additionally, because the circuit court must correct its equitable distribution award, it must also consider on remand any necessary adjustments to its child support award in light of the correction to the equitable distribution. *See* Code § 20-108.1(B)(11), (15) (permitting a court to deviate from the presumptive calculation under the child support guidelines based on the "[e]arning capacity, obligations, [and] financial resources"

- 14 -

of the parents as well as "the equities for the parents and children").  Finally, we decline to award either party their attorney fees on appeal.

*Reversed and remanded.*